LASSELLE *v.* HEWSON.

LASSELLE
v.
HEWSON.

A promissory note was declared on as made by the defendant, *Stanislaus Lasselle.* Plea, the general issue without oath. The note produced being signed *S. Lasselle,* was objected to as evidence on the ground of variance. *Held,* that the note, with evidence that the defendant usually signed his name *S. Lasselle,* was admissible.

ERROR to the *Carroll* Circuit Court. The cause was submitted to the Circuit Court without a jury, and judgment rendered in favour of *Hewson,* the plaintiff.

*Tuesday,
June 4.*

DEWEY, J.—Assumpsit. The declaration states that *Stanislaus Lasselle* "made his promissory note in writing on, &c., and then and there thereby promised," &c. Plea, the general issue without oath. On the trial of the cause below, the plaintiff produced a note signed by *S. Lasselle,* and offered to prove by witnesses that the defendant, *Stanislaus Lasselle,* usually signed his name *S. Lasselle.* The note and explanatory testimony were objected to by the defendant, but admitted in evidence by the Court.

It is urged against the decision of the Circuit Court, that the note offered in evidence materially varied from the one described in the declaration in respect to the signature.

In the case of *Jones and another* v. *Mars and another,* 2 Campb. 305, which was assumpsit by indorsees against the drawers of a bill of exchange, the declaration stated "that the defendants made their certain bill of exchange, their own proper hands being thereto subscribed." The bill, when produced, appeared to be drawn in the defendants' firm of *Mars & Co.* It was objected that the variance was fatal, but the Court overruled the objection, and refused to nonsuit the plaintiffs.

In the case of *Wardell and others* v. *Pinney,* 1 Wend. 217, the declaration alleged that the defendant, by his promissory note, promised to pay "to the order of the plaintiffs." The note proved on the trial was payable "to the order of *Wardell, Van Buren, & Co.*" The defendant objected to the note produced, on the ground of variance between it and the note described in the declaration. It was proved that the plaintiffs were partners doing business under the firm of *Wardell, Van*

VOL. V.—21

May Term, 1839.

*Buren, & Co.* The objection was overruled, the Court holding there was no variance. The Court in that case cited *Wood* v. *Bulkley*, 13 Johns. 486, as a case in which a note averred to be made by *Christopher Bulkley*, was held to be proved by the production of a note signed *Christ. Bulkley*, it being shown that the defendant usually abbreviated his name in that manner.

These cases sustain the decision of the Circuit Court in the case before us. And as no injury can result from the principle which they establish, we feel disposed to adopt it.

The defendant may always obtain an inspection of the note on which he is sued before he pleads, and if he does not recognize it as his own, the same defence remains open to him as if the manner of executing it should be alleged particularly in the declaration.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*J. W. Wright*, for the plaintiff.

*H. Chase*, for the defendant.