Nov. Term,
1848.

LOUDEN
v.
WALPOLE.

---

## LOUDEN *v.* WALPOLE.

Assumpsit on a promissory note. The declaration described the note as made by *Andrew A. Louden*. Plea, general issue without oath. *Held*, that the production of a note signed *A. A. Louden*, was admissible, but not sufficient, without further proof to identify it as the note sued on, to authorize a judgment for the plaintiff.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Assumpsit upon a promissory note. Plea, non assumpsit, without oath. Cause submitted to the

*Tuesday,
February* 20,
1849.

Court without a jury, and judgment rendered for the plaintiff. The declaration alleged that *Andrew A. Louden* made his promissory note, &c., without adding that he made it by any particular name or description. On the trial the plaintiff offered in evidence a note signed *A. A. Louden.* The defendant objected to its admission but the objection was overruled, and, the note being all the evidence in the cause, the Court gave final judgment as above stated. The defendant moved for a new trial, failed to obtain it, and appealed to this Court.

The note was properly enough admitted in evidence, it not being inconsistent with the allegations in the declaration. The question is as to its sufficiency to authorize the judgment, and we do not regard it a very clear one.

In cases where there is conflicting evidence, and a jury, or a Circuit Court acting as such, has decided upon that evidence, the decision must be most palpably wrong to justify this Court in disturbing it; but that principle does not operate here where we are called upon to say whether a single item of evidence establishes a case.

Had the declaration averred that *Andrew A. Louden,* by the description of *A. A. Louden,* made his note, &c., we should not have doubted that, under the issue in this case, the production of a note of that description on the trial, would have made out the plaintiff's case; so, had a bill of particulars been furnished, particularly describing in like manner, the note sued on, as the bill would have in reality formed a part of the declaration, the same consequences would have followed. No such bill appears to have been furnished in this case, and we cannot say that there was any obligation on the part of the defendant to aid the plaintiff in making out his case by calling for one. Here, then, we have this case. The plaintiff makes the general allegation that *Andrew A. Louden* undertook to pay him a certain sum of money by a promissory note, &c. *Andrew A. Louden* pleads that he did not so undertake to pay such sum of money, &c. He does not swear to his plea. The statute says, (R. S. 711,) that no pleading denying, or requiring proof of the execution

of any instrument in writing which is the foundation of

any suit or defence, and which is specially set forth as such in the pleading, shall "impose the necessity of such proof, unless verified by oath or affirmation." Now, upon the trial of the above issue, what is the plaintiff to do? He must produce a note and show it to be, *prima facie*, the note of *Andrew A. Louden*. He need not, under the statute, prove the execution of it, if he can, in any other way, make it appear to be the note of the defendant. If he cannot in any other way make so it appear, he may, under the general mode of pleading he has seen fit to adopt, be compelled to prove its execution, in order to show it to be the note of the defendant. Should he, upon the trial, produce a note signed *Andrew A. Louden*, it would fill the allegation in his declaration and make out the case. But suppose the plaintiff produces a note signed *Andrew A.*, will this be sufficient to entitle him to judgment? It may be the note of *Andrew A. Louden*. He may have made it by that description, and the declaration simply says he made his note without giving the particular description by which he made it. But would it, *prima facie*, be the note of *Andrew A. Louden?* We think not. Suppose the note produced to be signed *Louden?* or *A. Louden?* the same question would arise. So, suppose it signed *A. A. Louden*, does this, *prima facie*, indicate *Andrew A. Louden?* Why, rather than *Abraham*, or *Armstrong*, or *Alexander A. Louden?* We admit this last supposition, which accords with the facts of this case, cannot be to us as satisfactorily answered as the former ones, but we have unanimously concluded, upon some reflection, that it is the more correct and safe rule to require, in cases like the present, some evidence, in addition to the note, tending to identify the defendant with it, as that he was accustomed thus to sign his name, &c.

Had this note been payable to *A. A. Louden*, and the declaration described it as payable to *Andrew A. Louden*, suit upon it being by him, possession of the note by said *Andrew* would have been a circumstance sufficient to show the identity of *A. A.* and *Andrew A. Louden. Las-*

*selle* v. *Hewson*, 5 Blackf. 161; and *Taylor* v. *Coquillard*, id. 158.

*Per Curiam.*—The judgment is reversed with costs, &c.

*W. B. Greer*, for the plaintiff.

*W. Quarles* and *R. L. Walpole*, for the defendant.