Nov. Term,
1853.

MUIRHEAD
v.
SNYDER.

*Per Curiam.*—The judgment is reversed with costs.

*D. Brier*, *D. Newell* and *D. W. Voorhees*, for the plaintiff.

---

MUIRHEAD *v.* SNYDER.

Where a special plea is demurred to, but the matter alleged in the plea is admissible under the general issue, which is pleaded, it is immaterial what, or whether any, disposition was made of the demurrer.

Assumpsit against the maker of a note. Plea, the general issue. The declaration described the note as made by *Ephraim S. Muirhead*, and the plaintiff offered in evidence a note signed *E. S. Muirhead*. *Held*, that the note was admissible as conducing to prove the issue on the part of the plaintiff.

Where the verdict and judgment are fully supported by the evidence, it is immaterial what instructions the Court gave to the jury.

*Monday,*
*December 5.*

ERROR to the *Kosciusko* Circuit Court.

STUART, J.—*Snyder* sued *Muirhead* on a promissory note. Pleas, the general issue, and a plea in bar setting up matters relating to an arbitration. To the second plea the plaintiff demurred specially, that it amounted to the general issue. What disposition was made of the second plea and demurrer, the record does not disclose. The next step is, that the parties went on to trial by jury on the issue joined. Verdict and judgment in favor of the plaintiff for the note and interest.

As the general issue was the only one joined, it must have been upon that the trial was had. The matter contained in the plea was admissible under that issue. So that the final disposition of the plea and demurrer, or whether they were disposed of at all, is not material. The record contains all the evidence, and shows that the

defendant adduced the substantial matter of the plea on the trial.

The defendant, *Muirhead*, makes several objections to these proceedings, two of which only claim attention as having been made in the Court below.

One objection relates to the note offered in evidence. The declaration describes the note as made by *Ephraim S. Muirhead*. The note offered in evidence was signed *E. S. Muirhead*. For this reason, objection was made to its introduction. But the Court overruled the objection, and the note went to the jury without any other evidence or explanation on the part of the plaintiff below. The plaintiff in error relies entirely on the case of *Louden* v. *Walpole*, 1 Ind. R. 319. It is true that decision is directly in point; but were we not trammeled by its authority, we should feel disposed to fall back upon the reasoning in *Lasselle* v. *Hewson*, on the same question, and the authorities there cited. 5 Blackf. 161. The cases are somewhat different in their facts. There was explanatory evidence in the one, and none in the other. But the Court remark : " The defendant may always have inspection of the note on which he is sued before he pleads." This reasoning seems to us conclusive. If it is not his note, he may file the general issue under oath. If he goes to trial at random, without inspection, it is his own fault. It is not good policy to learn defendants to lean on the Court to avert the consequences of their own neglect. When he goes to trial he may be presumed to have had inspection, and the objection to the signature comes too late.

But in this case we are not under the necessity of reconciling these two decisions, nor of overruling either. The evidence of the defendant below, which is all set out in the bill of exceptions taken by him on the overruling his motion for a new trial, supplies the link in the plaintiff's chain, if indeed there was any wanting.

It must be conceded that the note was properly admitted as conducing to prove the issue. Even in *Louden* v. *Walpole, supra,* the Court say the note was properly enough

admitted.  The only question was as to its sufficiency to warrant the verdict and judgment.  In the case at bar, the defendant introduced one *Carpenter* as a witness, who gave a detailed history of the note.  The evidence for the defence brings the case clearly within the doctrine laid down in *Louden* v. *Walpole*, and fully sustains the verdict.

2. *Muirhead* complains that the Court erred in overruling his motion for a new trial.  We think otherwise. From the evidence, the ruling of the Court in this respect was clearly correct.

Something is said about the instructions which also appear in the record.  But as the verdict and judgment are supported fully by the evidence, it is wholly immaterial what instructions the associate judges who tried the case gave to the jury.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*O. H. Smith, S. Yandes* and *J. B. Chapman*, for the plaintiff.