May Term,
1856.

HŒFGAN and Another *v.* HARRISON.

HŒFGAN
v.
HARRISON.

Complaint against *A. B.* and *C. D.* upon a note, a copy of which was annexed
   to the complaint. It was signed *B.* and *D.,* per *B.* The complaint did not
   aver that it was executed by the defendants by the style of *B.* and *D.,* &c.
   Judgment against the defendants by default. *Held,* that the default admit-
   ted the execution of the note.
The execution of a note which is the foundation of a suit, is admitted, unless
   denied by a plea or answer verified by oath.

*Thursday,*
*June 12.*

APPEAL from the *Marion* Court of Common Pleas.

DAVISON, J.—The complaint charges that *Samuel B.
Hœfgan* ad *Evan S. Davis,* the defendants below, on the
19th of *November,* 1853, at *Indianapolis,* by their note of
that date, promised to pay *James Hall,* or order, 233 dol-
lars and 94 cents, six months after the date thereof, for
value received; that *Hall* indorsed the note to *Harrison,*
the plaintiff, and that the same remains unpaid, &c. A
copy of the note sued on was filed with the complaint, and
is, therefore, a part of the record. It reads thus : " *Indian-
apolis, November* 19, 1853. Six months after date, we pro-
mise to pay to *James Hall,* or order, two hundred and thirty-
three dollars and ninety-four cents, for value received. *Hœf-
gan* and *Davis,* per *S. B. Hœfgan.*" Indorsed " *James Hall.*"

Upon the filing of the complaint, process of summons
was issued against the defendants, returnable to the next
term of the *Marion* Common Pleas. This summons was
duly served and returned. And the defendants having
failed to appear, were regularly defaulted, and judgment
for the amount of the note, and interest thereon, was there-
upon given against them.

For the reversal of this judgment, it is contended that
there being no averment in the complaint that the note in
suit was executed by the defendants by the style of " *Hœf-
gan* and *Davis,* per *S. B. Hœfgan,*" and the record being
silent as to whether there was any evidence touching that
point, it must be assumed that there was none, and con-
sequently that the judgment is erroneous. This position
is not tenable. We have seen that a literal copy of the
note was filed with the complaint. In our opinion the de-

fault admitted its execution by the defendants, in the form in which it appears in the record. Indeed the execution of a note which is the foundation of a suit, is always admitted, unless denied by plea or answer verified by oath. *Abernathy* v. *Reeves, ante,* p. 306.

*Per Curiam.* — The judgment is affirmed, with 10 per cent. damages and costs.

*J. L. Ketcham* and *I. Coffin,* for the appellants.

*S. Yandes,* for the appellee.