## RIGHTSELL ET AL. *v.* KELLUM.

EVIDENCE.— *Variance.—Promissory Note.*—Suit by the payee against the maker on a promissory note signed with the initials of the Christian names of the maker. The complaint alleged the execution of the note by the defendant, and a copy of the note was filed with the complaint. Answer: General denial, and payment.

*Held,* that the note so signed was admissible in evidence, and that its admission did not constitute a variance. The rule stated in *Louden* v. *Walpole,* 1 Ind. 319, is not applicable under our present statute.

From the Putnam Circuit Court.

*F. T. Brown* and *T. Hanna,* for appellants.

*D. E. Williamson* and *A. Daggy,* for appellee.

DOWNEY, J.—This was an action by the payee against the makers of a promissory note. Two of the makers, in signing the note, used the initials only of their first and middle names. The complaint alleged the execution of the note by the defendants, without stating in what form. A copy of the note was filed with and made part of the complaint. The answer was:

1. A general denial.

2. Payment.

One of the defendants set up that he was surety for the other defendants, and the appropriate order was made at the rendition of the judgment, in his favor. Reply by denial to the second paragraph of the answer. Trial by the court, finding for the plaintiff, motion for a new trial overruled, and final judgment.

There is an attempt to assign eleven errors. Two out of the number are in proper form. They are:

1. Overruling the demurrer to the complaint.

2. Refusing to grant a new trial.

The complaint is unexceptionable. It is admitted to be good by counsel for the appellant in their brief. This should settle that question.

It is claimed that there is a variance between the note offered in evidence and that declared on, and that the evidence

is insufficient, because it was not stated in the complaint that, as to two of the defendants, it was executed by them by using their initials instead of their names in full, and because the name of one of them " was written on the printed lines at the bottom of note."

Upon the question of variance, etc., counsel refer to *Louden* v. *Walpole*, 1 Ind. 319. The rule laid down in the case cited is not applicable under our present statute. *Hœfgan* v. *Harrison*, 7 Ind. 594; *Hauser* v. *Hays*, 11 Ind. 368; *Hunt* v. *Raymond*, 11 Ind. 215; *Doron* v. *Crosby*, 12 Ind. 634; *Farley* v. *Harvey*, 14 Ind. 377; *Muirhead* v. *Snyder*, 4 Ind. 486.

The merits of the objection that the name of one of the defendants " was written on the printed lines at the bottom of the note," are not apparent to us. Counsel for appellants express fears that, on account of the variance, their clients may be compelled to pay the note a second time. Judging from the character of some of the objections urged by the appellants, we would rather conclude that the payment of the note the first time is what they more particularly seek to avoid.

The judgment is affirmed, with ten per cent. damages and costs.