## STEVENS *v.* ANDERSON, Administrator.

PAYMENT.— *What Operates as.*—Where the holder of a note gives it to the maker and takes a note held by the latter on a third person, this does not operate as a payment of the former note except by the express agreement of the creditor to take the latter note as payment, and at his own risk.

EVIDENCE.—Where in a suit on a promissory note the general denial is pleaded in answer, there can be no recovery on the note without proper evidence of its contents.

APPEAL from the Lawrence Common Pleas.

Suit by Anderson as administrator of Abraham H. Sears, against Stevens, the appellant.

The complaint was originally in five paragraphs, but demurrers were sustained to the first, second, and third paragraphs, and no question is presented on them in this court.

The fourth paragraph alleges that on the 4th day of January, 1862, the defendant Stevens was indebted to Sears in the sum of five hundred dollars, for certain real estate sold and conveyed to him by the latter; that said indebtedness was evidenced by a promissory note, as follows: "$500. On or before the 25th day of December, 1861, I promise to pay Abraham H. Sears the sum of $500, for value received, collectable without relief from valuation laws. September 6th, 1860. This note was given for land in section 18, town 6, north of range 1 west; and section 13, town 6, range 2 west. (Signed.) Jesse Stevens."

That on the 4th of January, 1862, Stevens transferred by delivery to Sears two notes on one Street, one for two hundred and eighty-seven dollars and sixty cents, due one day after date, and dated November 7th, 1861; the other for three hundred and fifty dollars, due one day after date, but without date; that at the date of the transfer of said notes to Sears, Street, the maker, was wholly insolvent; so that at no time thereafter could the notes, or any part thereof, have been collected by suit or otherwise; that at the January term, 1863, of the county court of Bond county, in the State of Illinois, a judgment was recovered in the

name of Stevens against Street on said notes for seven hundred and fourteen dollars and forty-four cents; on which an execution was issued on the 27th of the same month, to the sheriff of said county, who afterwards returned the same not satisfied, there being no property found whereon to levy. It is also averred that the note executed by Stevens to Sears remains due and unpaid; that Sears died, intestate, on the 19th of January, 1865, at Douglass county, Illinois, and the plaintiff was subsequently appointed his administrator by the proper probate court of said county.

The fifth paragraph is based on the same cause of action, but admits that Sears exchanged the note on Stevens for the two notes held by the latter on Street, but alleges that he was induced to do so by the false and fraudulent representations of Stevens that Street was solvent and would pay the same; that he, Stevens, at the same time well knew that Street was insolvent and worthless; that Sears at that time had no knowledge of the pecuniary condition of Street, and relying upon the representations of Stevens that he was solvent and would pay the notes, and the promise of the defendant that he would indorse the notes to him, made said exchange; that Stevens wrote the indorsements on the backs of the notes before delivery, but by mistake or fraud failed to sign the same; that Street was wholly insolvent at the time of the transfer of the notes to Sears, and so continued until he died; and at no time after Sears received the notes could the amount thereof, or any part of the same, be made off of Street in his lifetime, or from his estate after his death; that Sears forbore to sue Street on the notes, at the instance and request of the defendant, until January, 1863, when he recovered a judgment thereon in the name of the defendant, in the county court of Bond county, Illinois, for seven hundred and fourteen dollars and forty-four cents, on which an execution was issued on the 27th of the same month, which was returned by the sheriff of said county, to whom it was directed, not satisfied, there being no property found whereon to levy, &c.

It alleges the non-payment of the note given by Stevens to Sears, notice of the insolvency of Street, and an offer to transfer the judgment on the latter to him; and demands judgment for one thousand dollars.

A demurrer to the fifth paragraph of the complaint was filed and overruled, and the defendant then filed an answer in five paragraphs:—

First, the general denial; second, payment; the third is limited to the fourth paragraph of the complaint, and alleges that Street was solvent when the notes on him were transferred to Sears, and for a long time thereafter, but that Sears neglected to sue thereon, without any authority from the defendant, until after Street became insolvent and the notes worthless. The fourth paragraph is confined to the fifth paragraph of the complaint: it admits the exchange of the notes, avers that the notes on Street were given by the defendant and accepted by Sears in payment and discharge of the five hundred dollar note, and denies all other allegations of that paragraph of the complaint. The fifth paragraph is directed to the fourth paragraph of the complaint, and alleges that the Street notes were transferred to, and accepted by, Sears in payment and satisfaction of the Stevens note for five hundred dollars.

A reply in denial was filed to the second, third, fourth, and fifth paragraphs of the answer.

The cause was tried by the court, without a jury. Finding for the plaintiff. Motion for a new trial overruled, and judgment.

Elliott, J.—The material question in the case is, does the evidence sustain the finding of the court? The fourth paragraph of the complaint is founded on the note for five hundred dollars, given by the appellant to Sears. It admits the receipt by Sears of the two notes on Street, but alleges that they were only received as collateral security for the appellant's note. But it is insisted by the appellant that they were received by Sears in satisfaction, and as an abso-

lute payment of the note for five hundred dollars named in the complaint. The fact that Sears took from the appellant the notes on Street, and gave up to him the note for five hundred dollars, did not necessarily operate as a payment and satisfaction of the latter: it could only operate as such by the express agreement of Sears to take the notes on Street as payment, and at his own risk. See *Tyner* v. *Stoops*, 11 Ind. 22, and cases there cited.

Here the evidence shows that Sears had instituted a suit against Stevens on the note for five hundred dollars, and whilst it was pending, Stevens called on Sears, who then resided in Illinois, and urged him to take the notes on Street. Sarah Sears, who was present at the interview, testifies that Stevens urged her father to take the Street notes, and told him if he went on with the suit then pending against him, Stevens, it would ruin him. Sears told Stevens, he was not much acquainted with Street, and did not like to take the notes. Stevens continued to urge him to take them, saying, "that two is better than one;" and Sears at last agreed to take the notes, "if Stevens would stand good for them," which Stevens agreed to do, and then told Sears not to push Street on the notes, that he believed Street was honest and would pay. The notes on Street were not then delivered to Sears. The parties left, and went to Nathan Dresser's, near by. Mrs. Dresser testifies that the parties (Stevens and Sears) called at her house and asked for pen and ink and made an assignment of the notes. [An assignment was written on each of the notes by Stevens, but he did not sign either of them.] Sears told Stevens that he did not consider Street good. Stevens insisted that he was, but repeated several times that if Street was not good, he, Stevens, was, and would make the notes good, that if Street did not pay them he would. The notes were then delivered to Sears. We think this evidence clearly justifies the conclusion that the notes on Street were not received as an unconditional payment of the five hundred dollar note, but would so operate if paid.

But we cannot sustain the finding of the court under the fourth paragraph of the complaint, for another reason. The evidence shows that the Stevens note was in the hands of Sears' attorney at the time Sears received the notes on Street, and that the attorney, subsequently, on the order of Sears, delivered it up to Stevens. It was not produced on the trial. No notice had been served on Stevens to produce it, and the court, therefore, excluded parol evidence of its contents. The general denial was pleaded, and the plaintiff could not recover on the note without proper evidence of its contents. It follows that the evidence does not sustain the finding, under the fourth paragraph of the complaint.

And we do not think it is sufficient to sustain the charge of fraud under the fifth paragraph, and hence the judgment must be reversed.

There is nothing in the objections urged to the complaint.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*T. R. Cobb* and *N. F. Malott,* for appellant.

*E. D. Pearson* and *A. C. Voris,* for appellee.