Glenn *v.* Porter.

---

### GLENN *v.* PORTER.

PROMISSORY NOTE.—*Pleading.*—In a complaint upon a promissory note payable "at the First National Bank of New Albany," it is not necessary to allege that New Albany is in this State, and that the bank named is located there.

SAME.—*Commercial Paper.*—*Negligence of Maker.*—In an action on a promissory note, payable in a bank in this State, brought by an innocent indorsee for value before maturity, an answer by the maker alleging that two strangers came to the maker and asked him to sign a paper which they said was a "letter of agency," and he signed it, and it turned out to be commercial paper, where it is not alleged that he could not read, shows negligence on the part of the maker, and is not good.

SAME.—*Want of Consideration.*—Want of consideration is not a good answer to a suit by an innocent indorsee, for value, before maturity, of commercial paper

SAME.—*Evidence.*—Where a general denial is answered to a complaint on a note alleged to have been indorsed in writing to the plaintiff, the indorsement must be read in evidence.

From the Harrison Common Pleas.

*S. J. Wright*, *A. Stephens*, and *L. Jordan*, for appellant.

*W. A. Porter*, for appellee.

PETTIT, C. J.—This suit was brought by the appellee, William A. Porter, against the appellant, John Glenn, on the following note:

> "CORYDON, HARRISON COUNTY, INDIANA, }
> "November 14th, 1870. }

" Nine months after date, I promise to pay Miles & Spaulding, or bearer, four hundred and two dollars and fifty cents, payable at the First National Bank of New Albany, for value received, with interest, without relief from valuation or appraisement laws. Interest at ten per cent. per annum after maturity, and attorney's fees if suit be instituted. The drawer waives presentment, protest, and notice of protest and non-payment of this note. JOHN GLENN."

Endorsed: "MILES & SPAULDING. November 16th, 1870."

The counsel for the appellant, in their brief, insist that the complaint is bad, because it does not allege that New Albany is in this State, and that the bank named in the note is located there. These objections are untenable.

We take judicial notice of the locality of New Albany, and the maker of the note held out to the world that the bank was there.

The defendant answered in five paragraphs, the fourth of which was as follows:

" 4. And for a further answer to said complaint, defendant says that his signature was obtained to the paper sued on, which is filed as a part of the complaint herein, by the payees thereof, the said Miles and Spaulding, in the following manner, and no other, to wit: on or about the 14th day of November, 1870, two men came to his house, in Harrison county, Indiana, representing themselves as agents for the sale of a patent, which they called "The Screw Hay Fork," and solicited him to become their agent for the sale thereof, in Harrison, Scott, Washington, Heth, Boone, Webster, and Taylor

townships, in Harrison county, Indiana; and defendant says
he did consent to take such agency, and thereupon one of them
filled up a printed blank, which they called a letter of agency,
whereby they professed to constitute defendant sole agent for
the sale of said patent as stated aforesaid, for which defendant
was not to pay anything, but was to account at an agreed rate
for the proceeds of sale after said fork should be sold. And
that they further represented that defendant should sign said
paper for them to retain as their authority in accounting to
their principal for the territory by them sold, and that a sim-
ilar paper signed by them should be retained by defendant as
his authority to sell said fork in said county. And defendant
avers that at said time said parties were in defendant's field;
that defendant was very cold, it being November, and said
parties, calling themselves Miles and Spaulding, represented
that their time was very valuable, and that they were in a
very great hurry; said defendant signed said paper, believing
he was only signing the necessary paper to complete said
agreement as to said agency, and without any knowledge or
intention on his part of signing any instrument for the pay-
ment of money, and not intending to sign any promissory
note of any description whatever; wherefore, defendant says
that the note sued on is not his act and deed."

This paragraph of the answer was sworn to by the defend-
ant, and a demurrer, for want of sufficient facts, was sustained
to it, and this ruling is assigned for error.

We think this paragraph of the answer fails to show proper
caution and vigilance on the part of the maker of the note,
but, on the contrary, it is plainly to be inferred that he was
negligent. Two strangers came to him and asked him to sign
a paper which they said was one thing; he signed, and it
turned out to be commercial paper. The answer does not
show that he could not read.

We think a suit by an innocent indorsee, for value, before
maturity, cannot be defeated by such an answer. *Nebeker* v.
*Cutsinger*, 48 Ind. 436.

But if this paragraph was good, we cannot see that the

defendant was injured by sustaining a demurrer to it; for there was also a general answer of *non est factum* sworn to on file, under which all the evidence might be, and, in fact, was given, that could have been given under the fourth paragraph, to which the demurrer was sustained.

The second paragraph of the answer was want of consideration generally. To this a demurrer, for want of sufficient facts, was properly sustained. Such an answer is not good against an innocent indorsee for value, before maturity, of commercial paper. There is no error in the record for the rulings of the court below on the pleadings.

The question of the sufficiency of the evidence to justify the verdict is before us.

The complaint alleges, that on the 16th day of November, 1870 (two days after the note was made), Miles & Spaulding, the payees, by their written indorsement, assigned the same to the plaintiff.

The first paragraph of the answer was a general denial. This put in issue the indorsement and assignment of the note.

The evidence is all before us in a bill of exceptions, and it fails to show that the indorsement, or assignment, was read in evidence. This should have been done, and the evidence without this proof was, and is, insufficient to sustain the verdict. This is not a conflict, but a failure of evidence. 2 Greenl. Ev., sec. 163, p. 145; *Fosdick* v. *Starbuck*, 4 Blackf. 417.

The court below erred in overruling the motion for a new trial.

The insufficiency of the evidence to sustain the finding being the leading and principal question in the motion for a new trial, and we having determined that it was not sufficient, we need not consider any minor cause for a new trial.

The judgment is reversed, at the costs of the appellee, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.