No. 12,825.

## WOLKE ET AL. *v.* KUHNE.

PROMISSORY NOTE.—*Capacity of Payee to Endorse.*—*Warranty.*—*Estoppel.*—The maker of a note negotiable under the law merchant warrants the capacity of the payee to transfer it in the usual course of business, and can not, by asserting the contrary, defeat it in the hands of a good-faith holder.

From the Allen Superior Court.

*W. G. Colerick, H. Colerick, W. S. Oppenheimer* and *P. B. Colerick*, for appellants.

*T. E. Ellison*, for appellee.

ELLIOTT, C. J.—Wolke, as principal, and Trentman, as surety, executed the promissory note in suit, payable to the order of "T. W. Woollen, Attorney General."

There is evidence very satisfactorily showing that Kuhne became the owner of the note in good faith, for value, and without notice of any defence, before its maturity.

We incline to the opinion that the words added to the name of the payee are merely descriptive of the person, and can not, in any event, trammel the rights of a *bona fide* holder. *Jackson School Tp.* v. *Farlow,* 75 Ind. 118 ; *Hayes* v. *Matthews,* 63 Ind. 412 ; *Hays* v. *Crutcher,* 54 Ind. 260 ; *Means* v. *Swormstedt,* 32 Ind. 87 (2 Am. R. 330) ; *Kenyon* v. *Williams,* 19 Ind. 44 ; *Hobbs* v. *Cowden,* 20 Ind. 310 ; *Shepherd* v. *Evans,* 9 Ind. 260.

We are clearly of the opinion that the appellants are not in a situation to dispute the authority of the payee to accept and transfer the note executed by them. Whatever may be the right of the State, it is certain these appellants can not successfully present the question of the authority of T. W. Woollen to take or transfer the note executed to him. That is a question between him and the State, with which these appellants have no concern, for they have executed a commercial note, fair on its face and complete in all its parts, and they can not defeat it in the hands of a *bona fide* holder. *New* v. *Walker*, 108 Ind. 365.

The makers of a note negotiable under the law merchant warrant the capacity of the payee to transfer it in the usual course of business. Mr. Bigelow thus states the rule: "The execution of a negotiable note is a warranty of the *existing* capacity of the payee to endorse the paper." Bigelow Estop. 512. Another author says: "The person to whose order a bill or note is made payable, is generally vested with the right to transfer the same by endorsement; and it does not lie with the maker or acceptor to dispute the power of the payee to endorse and transfer the instrument. By making the note or accepting the bill, and issuing it, the maker and acceptor assert to the world the competency of the payee to negotiate and assign the paper; and they are not afterwards permitted to gainsay the assertion so made." Edwards Bills and Notes, section 363. An English author, whose work has long been recognized as authority, in speaking of the acceptor of a bill, says: "He moreover admits, and so does the maker of a promissory note, the then capacity of the payee, to whose order the bill or note is made payable, to endorse." Byles Bills, 202.

This well established principle rules the case against the appellants. The decision in *Union School Tp.* v. *First Nat'l Bank*, 102 Ind. 464, expresses the law correctly upon the case then before the court, but it has no application to such a case as this.

The only error in the instructions is, that they are more favorable to the appellants than the law warrants.

We are inclined to think that the objection of the appellee, that, as the complaint on which the case was tried is not in the record, no question is properly presented, is well taken, but, as the merits of the case are plain and decisive, we have not put our decision upon that objection.

Judgment affirmed.

