## CREECH *v.* HUBBARD.

[No. 12,794.   Filed April 20, 1927.]

1. BILLS AND NOTES.—*Facts admitted by answer of general denial in action on notes by indorsee.*—In an action on promissory notes by an indorsee thereof, an answer of general denial admits the due execution and validity of the notes, the capacity and right of the payee to indorse and assign the same and the character in which the plaintiff sues.   p. 77.

2. PLEADING.—*Proof under answer of general denial.*—An answer of general denial does not put in issue any facts which the defendant has the burden of proving, but such facts must be specially pleaded and proved in order to be considered. p. 77.

3. PLEADING.—*Facts that defendant must plead specially.*— Under §379 Burns 1926, providing that all defenses except the mere denial of the facts alleged by the plaintiff must be pleaded specially, all facts which the defendant has the burden of proving must be specially pleaded.   p. 77.

4. BILLS AND NOTES.—*Proof by plaintiff in action on negotiable instrument by indorsee.*—In an action by an indorsee of notes governed by the Negotiable Instruments Act (§§11360-11555 Burns 1926), where the plaintiff alleged that they were indorsed to him by the payee before maturity, for a valuable consideration, and the defendant answered by a general denial and a plea that plaintiff did not purchase the notes until after maturity, the plaintiff was only required to introduce the notes in evidence and prove that they were unpaid in order to make his case.   p. 77.

5. BILLS AND NOTES.—*Upon jury answering that it could not determine when plaintiff purchased notes or whether he had notice of prior payment, presumptions under Negotiable Instruments Act required verdict for plaintiff.*—In an action by an indorsee of notes governed by the Negotiable Instruments Act (§§11360-11555 Burns 1926), where the complaint alleged that they were indorsed by the payee to the plaintiff before maturity, for a valuable consideration, and the defendant answered by a general denial and that plaintiff did not obtain the notes until after maturity, a general verdict for the defendant must be reversed where the jury answered interrogatories to the effect that it was unable to determine when plaintiff became the owner of the notes, or whether, at the time he purchased said notes, he had notice of their payment to the payee, as the presumptions under the Negotiable Instruments Act would require a verdict for the plaintiff.   p. 78.

From Clay Circuit Court; *Thomas W. Hutchison*, Judge.

Action by John A. Creech against John V. Hubbard. From a judgment for defendant, the plaintiff appeals. *Reversed.*    By the court in banc.

*A. W. Knight, S. W. Lee* and *Edward H. Knight*, for appellant.

*R. V. Tozer*, for appellee.

THOMPSON, J.—Appellant brought this action against appellee to recover on two promissory notes executed by appellee to one W. P. Hubbard and indorsed by said W. P. Hubbard to appellant.    Each paragraph of complaint alleged that the notes were indorsed before maturity and for a valuable consideration.    Copies of said notes were made a part of the complaint.    Attorney fees were claimed in each paragraph.    Appellee filed answers to each paragraph, the first being a general denial and the second alleging that appellee paid said notes to W. P. Hubbard the payee named in the notes some time after they became due, and that appellant did not acquire title to the notes until after the maturity thereof.    Appellee replied to the affirmative answers in general denial.

There was a trial by jury, and a verdict was returned for appellee.    Certain interrogatories were submitted to and answered by the jury.    Appellant filed a motion for a judgment in his favor on the answers to said interrogatories, notwithstanding the general verdict. This motion was overruled and appellant excepted. The court then rendered judgment on the verdict of the jury that appellant take nothing and that appellant pay the costs.    Appellant's motion for a new trial was overruled.

The errors relied upon for reversal are:    (1) The overruling of appellant's motion for a new trial; (2)

the overruling of appellant's motion for judgment on the answers of the jury to interrogatories.

The interrogatories submitted to the jury and the answers thereto are as follows: Interrogatory No. 1. When, under the evidence, did the plaintiff acquire the notes in suit? Answer: Time undetermined. Interrogatory No. 2. Did plaintiff have any notice, knowledge or information, at the time he acquired the notes in suit, that W. P. Hubbard had received payment of the notes from the defendant? Answer: The jury is unable to determine.

Both notes in suit were payable in bank and governed by the Negotiable Instruments Act, the complaint alleging that each of the two notes was transferred 1-4. and assigned before maturity by the payee to the appellant by indorsement in writing on the back of said notes. Under the issues tendered by the answers of general denial, neither of which answers was verified, the appellee admitted the due execution and validity of said notes, the capacity and right of the payee to indorse and assign the same, and the character in which appellant sued. Such answers merely deny that there ever was a cause of action, but do not put in issue as a material fact to be proved by appellant any fact the burden of proving which is upon the appellee. Such facts must be specially pleaded and proved by the appellee in order to be considered. See §§379, 404, 11410-11419, 11478 Burns 1926; *Crum* v. *Yundt* (1895), 12 Ind. App. 308; *Wheat* v. *Goss* (1923), 193 Ind. 558, 141 N. E. 311; *Wolke* v. *Kuhne* (1887), 109 Ind. 313, 10 N. E. 116; 7 Standard Ency. Prac. p. 68; 14 Ency. Pl. & Prac. pp. 589, 600-603. Under the issues as disclosed by the pleadings, the law presumes that said notes were indorsed before maturity, and the appellant was required only to introduce the notes in evidence, with the written indorsement by which he

claimed title, and that the notes were due and unpaid. See *Woollen* v. *Whitacre* (1880), 73 Ind. 198; *Glenn* v. *Porter* (1875), 49 Ind. 500; *Stowe* v. *Weir* (1860), 15 Ind. 341; *Stevens* v. *Anderson, Admr.* (1868), 30 Ind. 391; *Federal Finance Co.* v. *Spugnardi* (1925), 83 Ind. App. 603, 149 N. E. 368; *Shonkwiler* v. *Dunavin* (1891), 1 Ind. App. 505; *Wallace* v. *Reed* (1880), 70 Ind. 263.

From the answer to interrogatory No. 1, the jury was unable to determine from the evidence when the appellant became the owner of the notes. Neither could the jury determine from the evidence that appellant had any notice or knowledge that appellee had paid said notes to W. P. Hubbard the payee named in said notes.

Under the provisions of the Negotiable Instruments Act, the possession by appellant of these two notes bearing the indorsement of the payee raises the following presumptions: First, of a valid delivery of the notes successively by all prior parties so as to make them liable; second, that the notes were issued for a valuable consideration and that every person whose signature appears thereon became a party thereto for value, and the holder is deemed to be a holder for value in respect to all prior parties; third, that except where an indorsement bears date after the maturity of the instrument, every negotiation is deemed *prima facie* to have been effected before the instrument was overdue; fourth, that a holder "in due course" holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and he may enforce payment for the full amount thereof against all parties liable thereon, and every holder is deemed *prima facie* to be a holder in due course; fifth, that the maker engages that he will pay the note according to its tenor and admits the existence

of the payee and his then capacity to indorse; sixth, that the instrument must be exhibited to the person from whom payment is demanded, and, when it is paid, it must be delivered up to the party paying it; seventh, that payment is made in due course when it is made at or after the maturity of the instrument to the holder thereof in good faith and without notice that his title is defective.

Appellee makes no claim that he made payment of said notes to appellant.

It was agreed by and between the parties in this case that if there was a finding for appellant, there should be included an attorney fee of $150.

Under the undisputed evidence in this case we hold that the court erred in overruling the motion of appellant for judgment *non obstante veredicto*. The cause is therefore reversed, and the court below is instructed to render a judgment in favor of appellant for the amount of the notes and interest thereon, together with costs, and for attorney fees in the sum of $150.

Dausman, J., absent.