COSTAS ET AL. *v.* HENNINGER ET AL.

[No. 18,286. Filed February 24, 1953.]

*Merrill L. Smith,* of Muncie, and *Peterson & Ervin,* of Hartford City, for appellants.

*Paul E. Leffler* and *Harry S. Redkey,* both of Muncie, for appellees.

KENDALL, J.—This action was brought by the appellants for a permanent mandatory injunction to require appellees to open and replace an original entrance to a stairway. The entrance and stairway had been used jointly by and between the appellants and appellees and their immediate and remote grantors as a means of ingress and egress to and from the second floor of their respective adjoining buildings for seventy-four years. The appellants base their contention for a permanent mandatory injunction upon an easement by written grant and also by prescription.

According to the evidence, the door leading up the stairway from the sidewalk was closed and a new show-window placed instead as a part of the building owned by appellee Henninger and used by appellee Wohl Shoe Company; that to gain ingress to the stairway to go to the second floor of appellants' building, a person would go through the entrance to appellees' building into the foyer, turn to the right behind the new show-window which had replaced the door that had been removed, and there enter a door in which you would make a left-hand turn and proceed upward to the second floor of appellants' building. There was considerable evidence as to the inconvenience caused by making a turn to enter the room rather than to have a straight entrance immediately off the sidewalk but, on account of the issues as they were determined, we do not consider it necessary to detail the evidence more extensively.

At the conclusion of the evidence, special findings of fact and conclusions of law were requested and given. In the judgment the court ordered and directed the

appellee, Wohl Shoe Company, to remove the present door of the newly-constructed entrance to the stairway and widen the entrance to a width of not less than thirty-four and three-fourths (34¾″) inches over and above the thickness of any door placed therein when opened to a full ninety (90°) degree.

The appellants have assigned as errors,

(1) That the court erred in overruling appellants' motion for new trial and all causes therein specified, to-wit:

(a) The decision of the trial court was not sustained by sufficient evidence;

(b) That decision of the trial court was contrary to law.

(2) The court erred in its conclusions of law one, two, three and six.

Because of the decision reached by the court, it is necessary that we consider only appellants' assignment of errors, that the court erred in its conclusions of law number three. The court's conclusion of law number three is as follows:

"The court further concludes that the easement and right-of-way over said stairway carried with it by necessary implication, as incidental to said easement expressly created, such rights of access to the stairway as to make the express easement effective and allow plaintiffs its free and unobstructed use jointly with the owner of the servient tenant; that in closing the entrance to said stairway the defendants violated the terms of said easement and invaded the rights of the plaintiff thereunder and that plaintiffs, had they acted seasonably and with due diligence in the protection of their said rights would have been entitled to enjoin the closing of said entrance until an adjudication as to the right and duty of the defendants to furnish different and equally suitable means of reaching said stairway could have been had, but that by failing to so act the plaintiffs were guilty of laches

which when considered in connection with the extensive nature of the alterations made by the defendants and the considerable expenditure of time and money necessarily incurred therein, render it now inequitable and unjust to compel the defendants by mandatory injunction to restore said entrance and approach to their original condition, and that plaintiffs are thereby not entitled to such mandate from this court."

Appellants contend that the forepart of the court's said conclusion of law is supported by the evidence and findings of fact and conclusively establishes their right to the injunctive relief prayed for. That part of said conclusion of law is as follows:

"The court further concludes that the easement and right-of-way over said stairway carried with it by necessary implication, as incidental to said easement expressly created, such rights of access to the stairway as to make the express easement effective and allow plaintiffs its free and unobstructed use jointly with the owner of the servient tenant; that in closing the entrance to said stairway the defendants violated the terms of said easement and invaded the rights of the plaintiff thereunder . . ."

Appellant contends that the remaining part of said conclusion of law which denies appellants right to the specific relief prayed, because they "were guilty of laches", is contrary to law because the issue of laches was not before the court.

An examination of the pleadings discloses that the issue was in fact not before the court; that the appellee, Wohl Shoe Company, at no time especially pleaded laches. The question of laches and estoppel was raised by the appellee Susan R. Henninger in her affirmative second paragraph of answer to appellants' amended second and additional

third paragraphs of complaint, to which answer appellants filed their demurrer and the trial court sustained said demurrer which took out of the issues the question of laches or estoppel as to appellee Susan R. Henninger.

This rule is well established that the defense of laches must be specially pleaded and cannot be raised under general denial. In the case of *New Albany Nat. Bank* v. *Brown* (1916), 63 Ind. App. 391, 114 N. E. 486, this court announced the rule as follows:

"From these authorities, it seems clear that the defense of laches is one which is not provable under the general denial, and which must be specially pleaded to be available as a matter of defense. It therefore follows that even if there had been laches, it would not be available to the bank in this case." See also Indiana Pleading and Procedure—Flanagan, page 25, comment 5.

Burns' §2-1024 is as follows:

*"Defenses except general denial pleaded specially.*—All defenses except the mere denial of the facts alleged by the plaintiff shall be pleaded specially."

See also *Baker and Others* v. *Kistler* (1859), 13 Ind. 63 in which the Supreme Court said,

" 'All defenses, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially.' . . . This evidently means, facts which the plaintiff, to sustain his action, is bound to prove; and we have decided that 'every matter of fact which goes to defeat the cause of action, and which the plaintiff is not under the necessity of proving, in order to make out his case, must be alleged in the answer'."

See also *Creech* v. *Hubbard* (1927), 86 Ind. App. 75, 156 N. E. 176, in which it was held that a general

denial does not put in issue any facts which a defendant has the burden of proving but that such facts must be specially pleaded and proved in order to be considered.

We call attention to Rule 1-3 of the Rules of the Supreme Court of Indiana, 1949 revision, which provides as follows:

"The party answering or replying to a plea shall state, without enlargement or elaboration, that he (1) admits, (2) denies, or (3) is without information as to the facts stated in each rhetorical paragraph or each designated part of such paragraph. *New matter shall be confined to an affirmative paragraph or paragraphs of answer or reply and shall not be commingled with the statement that the pleader admits, denies or is without information.*" (Our emphasis.)

In the case of *Keller* v. *Harrison* (1911), 151 Iowa 320, and cases cited therein, the court held the general rule to be that where a party having answered a compaint or bill has failed to set up laches that he would be deemed to have lost or waived his right to rely on that particular defense and may not at the time of trial insist thereon. See also *Ryason* v. *Dunten* (1905), 164 Ind. 85, 73 N. E. 74.

We conclude, therefore, that the issue of laches was not before the court and that the court's conclusion of law number three was contrary to law.

Judgment is therefore reversed with instructions that the court sustain appellants' motion for new trial.

NOTE.—Reported in 110 N. E. 2d 634.