PUFAHL ET AL. *v.* NATIONAL BANK OF LOGANSPORT, ADMINISTRATOR ETC.

[No. 18,757. Filed November 24, 1958. Rehearing denied December 31, 1958.]

*O'Neill & O'Neill, Hillis & Hillis, R. C. Hillis,* and *Harry V. Tutewiler,* all of Logansport, for appellants.

*Bloom & Bloom,* of Columbia City, and *Myers & Molique,* of Logansport, for appellee.

BOWEN, P. J.—The appellee bank, Administrator of the estate of Phillip G. Ramp, deceased, brought an action in the court below against the appellants, William F. Pufahl and Gladys M. Pufahl, for money had and received in the amount of $14,500.00, and alleged that the appellants were indebted to the appellee for certain moneys allegedly had and received by them for the use and benefit of appellee's decedent, which moneys consisted of proceeds from the sale of real estate, household goods, a bank account, and pension checks. The prayer of the complaint asked for judgment for the amount of such sums with interest thereon in the total amount of $14,500.00. The appellants filed answer to such complaint which denied the material allegations thereof. Trial was had by the court and the court rendered a finding and judgment for the appellee and that appellee was entitled to recover the sum of $14,187.80 and costs. No cross errors have been assigned herein by appellee. Appellants filed joint and several identical motions for a new trial upon the grounds that the assessment in the amount

of recovery was erroneous, being too large, that the decision of the court was not sustained by sufficient evidence and was contrary to law, and alleged specifications of error with reference to the action of the court in rulings upon the introduction of evidence.

The court overruled the motion for a new trial and this appeal followed.

The evidence in the record before us shows that the decedent, Phillip G. Ramp, made his home with the appellants from on or about May 12, 1950, until his death on December 17, 1952, and that during such period he received money and money was received in his behalf from several sources totaling $12,787.51 and that such money received by him and in his behalf belonged to him, and further, that the appellants received this money. The evidence further shows that he was approximately 84 years of age, his wife had died the preceding year, that he had failing eyesight and memory and had diabetes, and that he was able to get around some with assistance. After the sale of his household goods in May of 1950, after having planned to go to the home of a niece by the name of Lulu D. Baker, he apparently changed his mind and decided to remain in Logansport at the home of appellants; that he had fits of despondency and melancholia and had reached the senile stage.

The appellee, National Bank of Logansport, is the administrator of his estate and made written demands on the appellants for an accounting for such money received by them but received no response from such demands.

The question which we are called upon to determine is whether under the rules relating to the cause of action for money had and received, in equity and good conscience the money involved herein should be paid

over to the administrator appellee upon the basis of the issues in the record before us.

The rule governing causes of action for money had and received is clear that such an action for money had and received is an equitable remedy that lies in favor of one person against another, when that other person has received money either from the plaintiff himself or third persons, under such circumstances that in equity and good conscience he ought not to retain the same, and which money, *ex aequo et bono,* belongs to the plaintiff, and where money has been received by mistake of facts, or *without consideration,* or upon a consideration that has failed, it may be recovered back. Such an action rests upon an implied promise and may be maintained against the person who received money from the plaintiff under circumstances which in equity and good conscience he should not retain. *Lemans* v. *Wiley* (1883), 92 Ind. 436; *Jackson* v. *Creek* (1911), 47 Ind. App. 541, 94 N. E. 416.

The general rule regarding the evidence necessary to support such an action is stated in 4 Am. Jur., Assumpsit, §49, p. 532, as follows:

"In an action for money had and received, it is generally necessary for the plaintiff to prove only his right to the money and the defendant's possession, without showing that it has not been accounted for; and any facts, circumstances, or dealings from which it appears that the defendant has in his hands money of the plaintiff which he ought in justice and conscience to pay over to him, are competent evidence to support the action."

It appears to this court that the fact that the moneys belonging to appellee's decedent which were received by the appellants in a substantial amount during the

relatively short period that the decedent lived with them, in the absence of a showing in the evidence upon the issues formed in this case of some consideration or agreement that all or part of such moneys belonged to the appellants, is sufficient to justify the trial court's decision and finding in favor of the appellee. There are sufficient circumstances shown in the record to have established that the moneys belonged to the decedent and that the appellants had received such moneys without consideration, and that in equity and good conscience such moneys should be delivered to the appellee administrator.

It must be pointed out that the appellants' answer in the instant case consisted of a denial of the allegations of appellee's complaint. Appellants did not file any affirmative answer or claims based upon either a contract or agreement for support or any other affirmative defense. We are called upon to determine whether or not proof of such matters was proper under an answer of general denial. Under §2-1049, Burns' 1946 Replacement, it is provided:

> "Under a mere denial of any allegation, no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove."

A companion statute, §2-1024, Burns' 1946 Replacement, provides as follows:

> "All defenses except the mere denial of the facts alleged by the plaintiff shall be pleaded specially."

It is stated in *Creech* v. *Hubbard* (1927), 86 Ind. App. 75, 156 N. E. 176:

> "Such answers merely deny that there ever was a cause of action, but do not put in issue as a material fact to be proved by appellant any fact

the burden of proving of which is upon the appellee. Such facts must be specially pleaded and proved by the appellee in order to be considered."

The important distinction with reference to matters which must be specially set up is set forth in the case of *Crum* v. *Yundt* (1895), 12 Ind. App. 308, 40 N. E. 79, as follows:

"Defenses admissible under the general denial are those which deny that there ever was a cause of action. Those which admit that it once existed, but seek to avoid it by showing subsequent or other matter, must be specially pleaded. 1 Works Pr., section 579; Pomeroy's Rem., section 642.

"The defendant, under the general denial, is not confined to mere negative proof in denial of the facts stated in the complaint, but he may give evidence of independent facts inconsistent therewith which tend to meet and break down the cause of action stated in the complaint. *If, however, these facts are such as admit a cause of action once existing, and avoid it, then they must be specially set up.* Balue v. Sear, 131 Ind. 301; 1 Works pr., section 579." (Our emphasis.)

Furthermore, Rule 1-3, Rules of the Supreme Court, as to what may be proved under a specific denial or statement of no information adopts the well established rules as to defenses available under the general denial in the following language:

". . . All defenses shall be provable under a specific denial or statement of no information, which were heretofore available under an answer or reply in general denial. . . ."

In the instant case the specifications of error as to the admission of evidence, and in support of their assignment that the decision of the court in favor of the appellee was not sustained by sufficient evidence, are based upon the contentions

stated in various forms but which were in substance that under the circumstances shown by the record the appellee's decedent had made a voluntary gift of the money in question to the appellants, or that he made a contract with the appellants to turn all of such moneys over to them in consideration of their supporting him, and that therefore this action was not maintainable. It is apparent that each of such defenses asserted by the appellants depends upon an affirmative showing and the establishment of facts upon which the burden of proof would be upon the appellants. Therefore, admitting that the moneys belonged originally to decedent, and not having asserted claim to such moneys by way of affirmative answer, the lower court was not in error in refusing to admit the evidence of the various witnesses which sought to establish circumstances showing that they were entitled to such moneys by reason of some contract or agreement for support. The appellants were required to assert such matters affirmatively and the appellee was entitled to know the basis of appellants' claims of such moneys in advance of the trial of such lawsuit. Any other rule would create utter chaos to the rules of evidence and the orderly disposition of cases involving circumstances as those shown in the record in the case at bar. No claim or contention is made by the appellants that the moneys did not belong originally to appellee's decedent but their alleged claim to such moneys is based upon some claimed arrangement which they had with him regarding such moneys.

The judges of both divisions of this court having been of the unanimous opinion that the questions involved in this cause were of sufficient importance that the two divisions of this court should sit in banc for the consideration and decision of said cause, said

court did so sit upon the unanimous decision of this court to such effect.

For the reasons given herein the decision of the trial court was sustained by sufficient evidence, was not contrary to law, and the lower court did not err in sustaining appellee's objection to the introduction of evidence on behalf of the appellant, and the court did not err in overruling appellants' motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 154 N. E. 2d 119.