HARRISON ET AL. *v.* MORIAS ET AL.

[No. 20, 592. Filed October 30, 1967. No petition for rehearing filed.]

*Saul I. Ruman* and *Sachs & Ruman,* of Hammond, for appellants.

*Gus John Galanos,* of Gary, for appellees.

*John Venetucci,* of counsel, of Gary, for appellees, Arnold R. Morias and Irene Morias.

*John Kappos,* of counsel, of Gary, for appellee, Federal National Mortgage Association.

SMITH, J.—This appeal involves an action brought by the plaintiff-appellee, Federal National Mortgage Association, against the defendant-appellants to recover money due on a note secured by a mortgage on certain realty, executed by the defendant-appellants, Wilson T. Harrison and Lillian E. Harrison; and to foreclose said mortgage.

A cross-complaint was also filed by the appellants, Harrisons, against the appellees, Arnold R. Morias and Irene Morias, seeking recovery for money due on a note executed by the Moriases to the Harrisons, and seeking the foreclosure of a mortgage on the same realty executed by the Moriases to secure payment of said note. Milo F. Vale, Trustee in Bankruptcy of the Ridge Road Investment Corporation, appeared for said corporation and filed a disclaimer of any interest they might have in the matter involved in the cross-complaint.

The issue presented in the complaint was whether the appellee, Federal National Mortgage Association, was the owner of a valid note executed by the appellants, Harrisons, on which there was money due and owing and which was secured by a first mortgage on certain described realty.

The issue presented by the cross-complaint was whether appellees, Moriases, had satisfied by payment, a note executed by them to the appellants and secured by a second mortgage on the same realty.

The trial court granted recovery to the plaintiff, Federal National Mortgage Association, and entered judgment against defendants, Harrisons, on the note and mortgage sued on in the complaint in the sum of $11,077.68, plus $650 for attorney fees, and ordered foreclosure of the mortgage and sale of the realty.

The trial court denied recovery to the cross-complainants, Harrisons, against the cross-defendants, Moriases, on the ground said cross-complainants failed to prove the allegations

of their cross-complaint and therefore failed to establish a prima facie case against the cross-defendants, Moriases.

The appellants, Harrisons, filed their motion for a new trial, which motion reads:

> "Defendants and Cross-Complainants, Wilson T. Harrison and Lillian E. Harrison, move the court for a new trial thereof for the following reasons:
>
> "1. The court erred in overruling Cross-Complaints', Wilson T. Harrison and Lillian E. Harrisons', Motion to Strike filed on April 6, 1965.
>
> "2. The decision of the court is contrary to law.
>
> "3. The decision of the court is not sustained by the evidence.
>
> "4. The court erred in overruling the tender of Cross-Complainants, Wilson T. Harrison and Lillian E. Harrisons' Second mortgage in evidence. [Waived]
>
> "5. The court erred in withdrawing the submission in evidence according to the rules of the Supreme Court of Indiana, being Rule No. 1-13." [Waived]

The trial court overruled appellants' motion for a new trial.

Thereafter, the appellants filed an assignment of errors in this court, which assignment reads:

> "The Appellants aver that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to Appellants, in this:
>
> "1. The Court erred in overruling Appellants' motion for a new trial."

We would point out at this time that the present appeal involves a controversy between the Harrisons and the Moriases. The appellee, Federal National Mortgage Association, has no interest in the outcome of the controversy between the appellants and appellees, the Moriases. Since the judgment of the trial court, as it pertains to Federal National Mortgage Association, is not attacked in this appeal, we are of the opinion that the same should be affirmed without regard to the decision of this court as to other matters in this appeal.

The crux of this appeal involves the third paragraph of the appellants' cross-complaint, which alleges:

"3. That there is due and unpaid on said note the sum of One Thousand Nine Hundred Fifty ($1,950.00) Dollars."

The appellees, Moriases, filed their answer to appellants' cross-complaint, the third paragraph of which reads as follows:

"3. That they deny that the sum of One Thousand Nine Hundred Fifty ($1,950.00) Dollars is unpaid or any amount is still unpaid."

During the trial the appellants introduced into evidence the note and mortgage executed by the appellees, Moriases, but failed to establish by additional proof that there was a default by said appellees in the payment of the amount due on the note. Because of this failure of proof, the trial court found for said appellees, Moriases.

The main issue to be determined in this appeal is whether or not the appellants made out a prima facie case against the appellees, Moriases, by merely relying upon the pleadings without offering additional proof of non-payment. The trial court held that the appellants did not make out a prima facie case by the mere introduction of the note and mortgage.

The appellants argue that the payment of a note secured by a mortgage is an affirmative defense which must be specifically pleaded and proved by a defendant, and since the appellees, Moriases, pleaded no affirmative defense and presented no evidence of payment at trial, the filing of a general denial was not sufficient and the court should have found for the appellants.

In support of this proposition, the appellants cite the following authority:

"In a mortgage foreclosure suit, complainant's prima facie case is complete on proof or admission of the execu-

tion and delivery of the mortgage and the bond or note secured, at least where complainant is the mortgagee, or on the introduction of such instruments in evidence where defendant admits or stipulates their execution by him and the instruments do not show payment of the debt alleged to be past due." 59 C.J.S., *supra*, at § 654(b), pp. 1166-67.

In answer the appellees, Moriases, cite Burns' Indiana Statutes, Vol. 2, Part 1, (1946 Repl.), Sec. 2-1024, which states that "all defenses except the mere denial of the facts alleged by the plaintiff shall be pleaded specially."

From an examination of the record, it is apparent that the promissory note executed by the Moriases to the Harrisons showed upon its face that installments were due and owing.

In an action to recover money due on notes, this court in *Creech* v. *Hubbard* (1927), 86 Ind. App. 75, 156 N. E. 176, held in substance that an answer consisting of general denials admits the due execution and validity of the notes sued on; that the effect of a general denial is merely to deny that there ever was a cause of action and does not require the plaintiff to prove any fact which the defendant has the burden of proving; and that facts which the defendant has the burden of proving are required to be specially pleaded and proved by the defendant. The *Creech* case further held in substance that in an action on a note, the plaintiff, in order to prove his case, is only required to introduce the note, or a copy thereof, into evidence, prove its execution, and prove that the note is due and unpaid.

Our Supreme Court in the case of *Douthit et al.* v. *Mohr* (1888), 116 Ind. 482, 18 N. E. 449, held in substance that the fact of non-payment may be shown by a direct averment or may be inferred from the facts appearing on the face of the note itself.

In *Baldwin* v. *Boyce* (1898), 152 Ind. 46, 51 N. E. 334, our Supreme Court held, that where a note and mortgage show upon their face that payment is due, such is sufficient to put

defendant upon his answer. The fact that the defendant's obligation on the note is due can be inferred from the note itself when such contains an *acceleration* clause.

In the case at bar, the promissory note contained an acceleration clause the effect of which caused the full amount of the note to become due if any installment payment was not made at the proper time set out in the note.

The holder of such a note is prima facie the owner thereof and entitled to sue upon it. The burden of showing timely payment or payment in full is upon the defendant in the event of a suit by the holder. *Ayres, Receiver* v. *Foster,* 25 Ind. App. 99, 57 N. E. 725 (1900).

The principles of law referred to in the above cases have been codified in the Uniform Commercial Code as follows:

"Sec. 3-307. Burden of establishing signatures, defenses and due course.— (1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue

"(a) the burden of establishing it is on the party claiming under the signature; but

"(b) the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required.

"(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.

"(3) After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course."

Under Sec. 3-307(2) it is evident that once the instrument is produced by the holder, the burden is then upon the maker or defendant to establish any affirmative defenses available.

Under Sec. 3-307, payment is an affirmative defense which must be pleaded and proved by the defendant. Such a burden

cannot be sustained by the filing of a general denial as the cross-defendant-appellees have done in the present case.

In view of the authorities we have discussed, it is apparent that the trial court erred by holding that the appellants had not presented a prima facie case, and also by holding that the defendant-appellants must sustain the burden of proving non-payment instead of requiring the defendant-appellees to specially plead and prove payment of the note held by the appellants.

The judgment and decision of the trial court as it relates to the complaint filed by the appellee, Federal National Mortgage Association, against the appellants, Harrisons, is hereby affirmed.

The judgment and decision of the trial court as it relates to the cross-complaint filed by the cross-complainants, Harrisons, against the cross-defendants, Moriases, is hereby reversed with instructions to the trial court to grant the motion for a new trial on the issues formed by the cross-complaint.

Pfaff, C. J., and Bierly and Cook, JJ. concur.

NOTE.—Reported in 230 N. E. 2d 545.