HARROLD ET UX. *v.* MARKIN ET UX.

[No. 168A7. Filed November 6, 1969. Rehearing denied January 6, 1970. Transfer denied April 6, 1970.]

620

*Peters & Pebbles*, of Fort Wayne, for appellants.

*Kennerk, Dumas, Burke & Backs*, of Fort Wayne, for appellees.

HOFFMAN, J.—This appeal arose from a verdict by the jury and judgment thereon for plaintiffs-appellees on the second paragraph of their complaint. The theory of that paragraph is in issue on this appeal.

The record before us discloses the following facts:

In January of 1963 appellees entered into an agreement with appellants to trade certain properties. Appellees agreed to trade or sell a piece of property which they owned in exchange for a down payment of $2,000, and the balance to be paid by the transfer to them in equities of contracts which were allegedly worth the balance due. Appellees received two conditional sales contracts for the sale of real estate. Appellees failed to discover that the two properties which were the subject of the contracts were already subject to mortgages. In fact, they had not even seen the properties for which they traded until the "deal" had been closed. They then discovered that both properties were in an extremely run-down condition and, in fact, one of the properties was shortly thereafter condemned.

Appellees demanded that appellants return their former property and accept back the two traded parcels. This appellants refused to do.

A complaint was filed by appellees in two paragraphs. The

first paragraph alleged that the defendants had fraudulently procured the conveyance of appellees' property for two "worthless" properties. The jury found for defendants-appellants on this paragraph of their complaint.

The second paragraph of complaint reads as follows:

"Plaintiffs further say for Second Paragraph of Complaint:

"1. That on the 26th day of January, 1963, they entered into a contract where they were to exchange with the defendants property located at 3126 Oliver Street, Fort Wayne, Indiana, for $2,000.00 cash and $4,500.00 in equity of contracts for said property.

"2. That on the 1st day of February, 1963, these plaintiffs conveyed to the defendants the following described real estate lying and being situate in Allen County, Indiana, to-wit:

Lot 67 in Drexel Park Addition to the City of Fort Wayne, Allen County, Indiana, according to the recorded plat thereof.

"3. That defendants conveyed the following described real estate to the plaintiffs:

Lot No. 60 in Fletcher's Addition to the City of Fort Wayne, Indiana, according to the recorded plat thereof.

Lot No. 35 in Chute's Homestead Addition to the City of Fort Wayne, except the South fifty feet (50') thereof, according to the recorded plat thereof.

"4. That at the time of the conveyance of the properties described in Rhetorical Paragraph 3, they were subject to a lien of a mortgage to the Home Loan and Savings Association, located at Fort Wayne, Indiana.

"5. That the coveyances of the land described in Rhetorical Paragraph 3 were made subject to the rights of the conditional contract purchasers, Harold Rogers, Betty Rogers, Owen Blue and Rosie Lee Blue.

"6. That the rights of the Home Loan and Savings Association of Fort Wayne, Indiana, are paramount to and prior in time to the rights of the conditional contract purchasers.

"7. That the fair market value of the properties conveyed by the Defendants as hereinabove mentioned is less than the balance due on the mortgages held by the Home Loan & Savings Association on said properties.

"8. That the properties conveyed by the Defendants were burdened with delinquent real estate taxes in the amount of ~~Three Hundred Seventy-Five and 15/100 Dollars ($375.15),~~ 130.30 thereby further reducing the fair market value of the properties in relation to the above-mentioned mortgages held by the Home Loan & Savings Association. [Correction as appears in original.]

"9. That the conveyance referred to in rhetorical paragraph 3 hereinabove was not Four Thousand Five Hundred Dollars ($4,500.00) in equities of contracts, but was in fact a conveyance of worthless property with an obligation for delinquent real estate taxes.

"WHEREFORE, plaintiff prays that they recover a judgment in the sum of Forty Eight Hundred Seventy Five Dollars and thirteen cents ($4,875.13), and all further and proper relief in the premises."

A verdict was returned on the second paragraph of complaint in favor of plaintiffs-appellees in the amount of $5,613.-96, such amount including interest.

Appellants assign as error the overruling of their motion for a new trial, and they specify for argument the following alleged errors:

1. That the court erred in permitting testimony on the appraised value of the real estate as opposed to the value of the conditional sales contracts;

2. That the appellees pleaded an express contract but attempted to prove on the theory of money had and received and, further, that the jury was instructed on the theory of money had and received;

3. That the damages assessed were erroneous and excessive; and

4. That the court erred in overruling defendants-appellants' motion for directed verdict, and that the verdict of the jury is contrary to law.

The central issue here is whether the second paragraph of complaint is based on a theory of express contract or money had and received.

With respect to the second point raised by appellants, there are a number of recent decisions which hold that a variance

between the pleading and the proof is deemed amended to conform to the proof. See: *Morrison's Southern Plaza Corp.* v. *Southern Plaza,* 252 Ind. 109, 246 N..E. 2d 191 (1969); *Farm & Home Insurance Company* v. *Templeton,* 142 Ind. App. 110, 232 N. E. 2d 367, 372, 12 Ind. Dec. 327 (1968), (Transfer denied); *General Outdoor Adv. Co.* v. *LaSalle Realty Corp.,* 141 Ind. App. 247, 218 N. E. 2d 141, 143 (1967), (Transfer denied).

Thus, Point Two fails to raise a valid contention. The fact is that the pleading is sufficiently ambiguous to be construed as a complaint for money had and received. The evidence offered at trial and the instructions tendered to the jury all were based on a theory of money had and received and any conflict which may have existed is resolved in favor of this theory.

Point One above is dependent on our answer to Point Two. Had we found that appellees' action rested *ex contractu,* evidence of true market value would have been objectionable. However, on a theory of money had and received evidence which proves failure of consideration is a necessary element in the cause of action.

The rule was well stated in *Pufahl, et al.* v. *Nat. Bk. of Logansport,* 129 Ind. App. 191, at page 195, 154 N. E. 2d 119, at pages 120-21 (1958), as follows:

"The rule governing causes of action for money had and received is clear that such an action for money had and received is an equitable remedy that lies in favor of one person against another, when that other person has received money either from the plaintiff himself or third persons, under such circumstances that in equity and good conscience he ought not to retain the same, and which money, *ex aequo et bono,* belongs to the plaintiff, and where money has been received by mistake of facts, or *without consideration, or upon a consideration that has failed,* it may be recovered back. Such an action rests upon an implied promise and may be maintained against the person who received money from the plaintiff under circumstances which in equity and good conscience he should not retain. *Lemans* v.

*Wiley* (1883), 92 Ind. 436; *Jackson* v. *Creek* (1911), 47 Ind. App. 541, 94 N. E. 416." (Emphasis supplied in part.)

The evidence adduced at trial which tended to prove the two properties received by appellees were nearly valueless was proper to establish a failure of consideration, and there was no error in its admission.

With respect to Point Four above, inasmuch as we have held that the decision of the trial court was proper, there was no error in the ruling on the motion.

As to the second issue raised in Point Four, that the verdict of the jury is contrary to law, such argument is premised on the alleged errors set out in Points One and Two. As we have demonstrated, there was no error in Points One and Two and, thus, the verdict of the jury was not contrary to law.

Appellants base their argument in Point Three specifically on the fact that the trial court gave a mandatory instruction on interest. Acts 1879, ch. 24, § 3, p. 43, Burns Ind. Stat., Anno., § 19-12-103, reads as follows:

"On money due on any instrument in writing, on an account stated, from the date of settlement, or an account closed, upon the day an itemized bill shall have been rendered and payment demanded, or *on money had and received* for the use of another and retained without his consent, interest shall be allowed at the rate of six dollars [$6.00] a year on one hundred dollars [$100]." (Emphasis supplied.)

Since there is express statutory authority for the mandatory allowance of interest, there is no error in the trial court's instruction to that effect.

There being no error demonstrated in the judgment of the trial court, we must affirm.

Judgment affirmed. Costs taxed against appellants.

Pfaff, C.J., Sharp and White, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 159.