## GORDON *v.* CULBERTSON.

PRACTICE. — *Waiver of Demurrer.* — Where, the court having sustained a defendant's demurrer to the complaint, he, without asking for judgment on demurrer, files an answer, and there is a trial, the demurrer will be considered as waived.

SAME.—*Demurrer.*—Where, to a complaint on a note and to foreclose a mortgage, there was an answer which contained no defence as to the note, and the finding was solely on the note;

*Held,* that there was no error in sustaining a demurrer to the answer.

From the Switzerland Circuit Court.

*J. A. Works* and *J. D. Works,* for appellant.

*W. M. Smith,* for appellee.

BIDDLE, C. J.—This suit is founded on a promissory note made by the appellant to the appellee, and a mortgage made by the appellant and Sarah J. Gordon, his wife, on certain real and personal property, to secure the note.   Augustus Weaver, who had purchased the personal property included in the mortgage from the mortgagors, was also made a party defendant below.

The complaint contains two paragraphs.   A demurrer was filed, for want of alleged facts, to both paragraphs of the complaint, separately, by all of the defendants, which was

sustained by the court. No exceptions were taken to this ruling, but leave was granted to amend.

Weaver filed a demurrer to the whole complaint, alleging an insufficiency of facts, which was also sustained, and to this ruling no exception was taken. The court afterwards—the appellee refusing to further amend—rendered judgment on Weaver's demurrer against the appellee, for costs, to which no exception was taken. Without any final judgment by the court on overruling the joint demurrer, and without any further amendment of the complaint by the appellee, the appellant answered in three paragraphs, to the third of which a demurrer was sustained for want of alleged facts, and a reply filed to the second, the first being a general denial.

The appellee then dismissed his case as to Sarah J. Gordon. In this anomalous condition of the record, the parties submitted the case to the court for trial, which resulted in a finding for the appellee. Over a motion for a new trial, and exception taken, judgment was rendered on the verdict. Appeal.

The only errors which are properly reserved in the record and assigned here are,

1. The insufficiency of the complaint.

2. Sustaining the demurrer to the third paragraph of answer.

3. Overruling the motion for a new trial.

The appellant, after the court had sustained his demurrers to the complaint, having pleaded to the complaint, without insisting upon judgment on demurrer, must be held to have waived the demurrer.

The third paragraph of answer contains no defence to the promissory note sued on; it simply goes to the foreclosure of the mortgage on the real estate, not on the personal property, and is therefore no answer to the whole complaint; besides, the finding and judgment are not on the foreclosure, but solely on the note. For both of these reasons, therefore,

there was no error, in view of the whole record, in sustaining the demurrer to this paragraph.

We think the complaint, as it appears in the transcript, is good, and that the evidence supports the finding.

The judgment is affirmed, with costs.