## GROSE *v.* DICKERSON.

PLEADING.—*Demurrer.*—*Form of Action.*—If a complaint states any cause of action in favor of the plaintiff against the defendant, it will be held good on demurrer assigning want of sufficient facts, without regard to the question as to what the form of action would have been at common law.

SAME.—*Demurrer.*—*General Denial.*—There can be no available error in sustaining a demurrer to a paragraph of answer, where every purpose it could accomplish is served by a remaining paragraph of general denial.

SAME.—*Set-Off.*—*Tort.*—An answer of set-off pleaded to a complaint in tort is bad on demurrer.

SAME.—*Demurrer.*—*Waiver.*—Where a plaintiff replies to a paragraph of answer, after the sustaining of a demurrer thereto filed by him, and, the demurrer being thus waived, the defendant has the full benefit of such paragraph, he cannot complain of the ruling on the demurrer.

NEW TRIAL.—*Motion.*—A motion for a new trial on the ground of irregularities upon the trial must distinctly specify the particular irregularities complained of.

From the Henry Circuit Court.

*W. Grose* and *A. M. Grose*, for appellant.
*Chambers & Saint*, for appellee.

DOWNEY, C. J.—Action by the appellee against the appellant. The complaint consists of three paragraphs.

In the first, it is alleged, in substance, that on the 1st day of October, 1874, at Henry county, etc., the defendant wrongfully entered upon the plaintiff's land, described in the paragraph, situated in that county, and pulled off fourteen acres of corn, and dug up twenty bushels of potatoes, belonging to the plaintiff, and carried the same away and converted and disposed of the same to his own use, to the plaintiff's damage one hundred and seventy dollars.

The second paragraph alleges, that, on the 30th day of September, 1874, the plaintiff was the owner of fourteen acres of corn of the value of two hundred dollars, and one-quarter of an acre of potatoes of the value of twenty dollars, all growing on the said land; that on that day the defendant, without permission of the plaintiff, unlawfully and with force and arms, seized and carried away and converted to his own use and annihilated said corn and potatoes, to the damage of said plaintiff two hundred and twenty dollars.

The third paragraph alleges that the plaintiff and defendant were the joint owners of the same quantities of corn and potatoes, growing on said land, of the same value, and the defendant, without permission of the plaintiff, seized, pulled off and carried away and converted to his own use, and totally destroyed all of said corn and potatoes, etc.

The defendant demurred separately to the second and third paragraphs of the complaint, and his demurrers were overruled.

He then answered in nine paragraphs, the first of which was a general denial. The plaintiff demurred separately to each paragraph of the answer, except the first.

The demurrer was sustained to the second, fourth, sixth and seventh, and overruled as to the third, fifth and eighth. No action seems to have been taken upon the demurrer, as to the ninth.

The plaintiff replied to the third, fifth, seventh, eighth and ninth paragraphs of the answer, in two paragraphs, the first of which was the general denial; and also filed a further reply to the third, fifth, sixth and eighth paragraphs of the answer in denial thereof.

It thus appears that there was a reply to the sixth and seventh paragraphs of the answer, after demurrers had been sustained to them.

The defendant demurred to the second paragraph of the reply, and his demurrer was overruled. A trial by jury resulted in a verdict for the plaintiff for forty-one dollars and sixty cents, on which judgment was rendered. Afterwards, during the term, the defendant moved the court to grant a new trial in the cause, but the motion was overruled.

The following errors are assigned:

1. Overruling the demurrer to the second paragraph of the complaint.

2. Overruling the demurrer to the third paragraph of the complaint.

3. Sustaining the demurrer to the second paragraph of the answer.

4. Sustaining the demurrer to the fourth paragraph of the answer.

5. Sustaining the demurrer to the sixth paragraph of the answer.

6. Sustaining the demurrer to the seventh paragraph of the answer.

7. Overruling the motion for a new trial.

8. Overruling the demurrer to the second paragraph of the reply.

Other errors are alleged, but they are only reasons for a new trial, and claim no further notice here.

1 and 2. We think each of the paragraphs of the complaint contains a good cause of action. Whether the cause of action stated would have been trespass *quare clausum fregit*, or trover and conversion, or some other form of action at common law, we need not inquire, as the demur-

rers were properly overruled if there was any cause of action stated.

3. The second paragraph of the answer alleges, that the land mentioned was the soil and land of the defendant at the time of the entry, etc., wherefore, etc.

The appellant cannot justly complain of the action of the court in sustaining the demurrer to this paragraph of the answer, since every purpose it could accomplish was served by the general denial.

4. In the fourth paragraph of the answer, which was to the second and third paragraphs of the complaint, the defendant denied that he destroyed or annihilated the corn and potatoes as alleged, and claimed that before the commencement of the action the plaintiff was indebted to him in the sum of three hundred dollars, on account filed, and asked to set the same off, etc.

As the action was in tort, the set-off was inadmissible. 2 R. S. 1876, p. 62, sec. 57.

5. The sixth paragraph of the answer sets up a contract between the plaintiff and the defendant, by which the plaintiff was to reside in a dwelling-house on the land, then and still owned by the defendant, and till the said corn-ground and fields in corn for the defendant, the plaintiff to have two-fifths and the defendant three-fifths thereof; the plaintiff to gather said corn in the fall, the defendant to furnish a hand to help gather the part belonging to the defendant, at the proper time for gathering corn; that the plaintiff failed and refused to fulfil his contract pertaining to said corn and his residence on said land; and, on the 20th day of July, 1874, he abandoned the premises and removed therefrom, leaving the possession thereof to the defendant; that the plaintiff never had any authority, whatever, to have or raise any potatoes upon said land.

We cannot think this a good defence to the action. It does not show a sufficient reason why the defendant should take and convert to his own use the corn and potatoes raised, denying the plaintiff any right therein. In addition

to this, it must be borne in mind that the plaintiff replied to this paragraph of the answer, and in that way the defendant had the full benefit of it, as much as if the demurrer had been overruled.

This is so as to the seventh paragraph, also. *Gordon* v. *Culbertson*, 51 Ind. 334.

6. The seventh paragraph of the answer alleged, that the plaintiff was the tenant of the defendant, on said land, for the year 1874, under a certain and special contract for said year; that the plaintiff failed and refused to perform his part of said contract, and on the 20th day of July, 1874, abandoned and removed from said lands, then and there leaving the possession thereof to the defendant.

We think the court committed no error in holding this paragraph of the answer bad. It clearly contains no defence to the action.

7. We are next to consider the reasons for a new trial, and here it may be remarked that counsel for appellant discuss the instructions which were given and others that were refused; but, as will be seen, these questions are not presented in the motion for a new trial.

The causes for a new trial, in the motion, are as follows:

1. Irregularity in the proceedings of the court upon the trial, by which the defendant was prevented from having a fair trial.

2. Because the damages returned are excessive.

3. Because the verdict is not sustained by sufficient evidence.

4. Because the verdict is contrary to law.

5. For and because of error of law occurring at and upon the trial of said cause, and excepted to by the defendant at the time.

When irregularities upon the trial are complained of, the particular irregularities must be distinctly specified in the motion for a new trial.

We cannot say that the court erred in refusing a new trial for the second, third or fourth causes assigned in the motion.

8. We see no reason for reversing the judgment on account of the ruling of the court on the demurrer to the second paragraph of the reply. The second paragraph was probably unnecessary, but it contained a denial of material allegations in the paragraphs of the answer to which it was pleaded, and a reassertion of material matter of the complaint. It was not a departure from the complaint.

The judgment is affirmed, with costs.

## ON PETITION FOR A REHEARING.

HOWK, J.—The only reason assigned by appellant for a rehearing of this cause is thus stated in the petition:

"The court, in opinion delivered, does not seem to have considered the question of who was in actual possession of the premises at the time of the alleged trespass."

As the issues were made up and submitted to the jury, we do not consider the question of the possession of the premises as of any material importance. There were three paragraphs in the complaint. The first paragraph charged trespass *quare clausum fregit;* the second paragraph was silent on the subject of the ownership or possession of the *locus in quo,* but averred that appellee was the owner of fourteen acres of corn, and of twenty bushels of potatoes, growing thereon, and that appellant, with force and arms, wrongfully pulled the corn and dug the potatoes, and converted the same to his own use; and the third paragraph was also silent as to the ownership or possession of the land, but alleged a joint ownership with appellant of fourteen acres of corn, and one-fourth of an acre of potatoes, growing on the land, and that the appellant, with force and arms, wrongfully pulled the corn and dug the potatoes, and converted the same to his own use.

Upon each of these paragraphs issues were made, and these issues were all submitted to the jury, and a general verdict was returned thereon. In such case, we are unable to see how "the question of who was in the actual possession

of the premises" becomes material, or can change the decision of this court heretofore rendered in this cause.

The petition for a rehearing is therefore overruled.