Filed Nov. 23, 1885.

———◆———

No. 12,202.

## WEST ET AL. *v.* HAYES.

MARRIED WOMAN.—*Exclusion of Evidence.—Pleading.*—Where to a suit on a promissory note, against a married woman and her husband, she answers her coverture, and that she executed the note as surety for him, it is error to exclude evidence, offered in support of her plea, that she was at the time of executing the note a married woman, and that she signed it as surety for her husband, although the reply alleged that the note was executed in part payment of the purchase-price of land sold and conveyed to her.

SAME.—*Signature to Note.*—A finding in such case against Warren West is sustained by the introduction of a note signed "W. West."

From the Dearborn Circuit Court.

*J. K. Thompson,* for appellants.

*J. S. Jelley,* for appellee.

MITCHELL, J.—This was a suit by Caroline M. Hayes against Warren West and Nancy West, on a promissory note. The defendants jointly pleaded the general issue, and payment.   In a separate answer, Nancy West set up that at the date of the execution of the note, she was a married woman, the wife of her co-defendant, and that she executed the note as surety for him.

To the separate answers the plaintiff replied that the consideration of the note was part of the purchase-price of real estate, sold and conveyed by the plaintiff to the defendant Nancy West, of which she had taken, and still remained in possession.

The case being thus at issue, it was submitted to the court for trial. The plaintiff introduced the note in evidence and rested. This was dated at Rising Sun, March 22d, 1883, due eighteen months from date, for $500, and was signed " W. West, Nancy West."

The defendants then called George M. Roberts as a wit- ness, and propounded to him the following question : " What is the relation between the defendants, and how long has the existing relation continued ? " The court sustained an ob- jection to this question. The defendant Nancy, by her coun- sel, thereupon stated to the court that the witness would testify, in answer to the question, that the defendants War- ren and Nancy West were then, and at the date of the execu- tion of the note, husband and wife, and living together as such. The court refused to hear the evidence. The defend- ants each separately excepted. This was all the evidence given in the case.

The court found for the plaintiff the amount of the note and interest, and, over separate motions for a new trial, judg- ment was rendered against both defendants.

Nancy West having pleaded that she was *covert* at the time the note was executed, and that she signed it as surety for her husband, it was manifest error to exclude the evidence offered in support of her plea.

In support of the ruling of the court, it is argued that, as the wife had power to execute her note for real estate pur- chased by her in her own right, and as the note in suit was given upon that consideration, she became principal and her husband surety. The argument, however, assumes the very point in dispute. It proceeds upon the theory that the note was given in part payment for real estate purchased by and conveyed to the wife, without anything appearing in the record to justify the assumption, except that it is so stated in the reply. Having assumed the facts stated in the reply to be true, the insistence of counsel is, that it was competent to exclude evidence pertinent to sustain the answer. The an-

swer in avoidance of the note having been filed, Nancy West was entitled to maintain it by proof, if she could do so. The first step in that direction was to prove her coverture, and having been deprived of the right to take this step, of course she could take no other. It was not proper to assume that the consideration of the note was the purchase-price of real estate conveyed to her, simply because the plaintiff had replied that fact to her answer.

The only evidence before the court was the note. This did not disclose anything concerning the consideration upon which it was given. There was, therefore, no possible ground upon which to rest the assumption upon which the argument is based. We can not know what proof the appellant might have made, or that she could have made any, but that she had the right, as the issues stood, to prove her coverture, and as much more of her answer as she could, there can be no doubt.

On behalf of the appellant Warren West, it is contended that the evidence does not sustain the finding against him. It is said that the note signed " W. West" does not sustain a finding against Warren West. The point merits no consideration.

The judgment is affirmed as to Warren West, and reversed as to Nancy West.

