## SPIELMAN ET AL. *v.* HERSKOVITZ.

[No. 11,218.   Filed March 31, 1922.]

1.  NAMES.—*Idem Sonans.*—Where defendants named in the com-
plaint as J. Hamilton S. and Sophia S., and in the appeal bond
as J. Hampton S. and Mrs. Sophie S., the names were *idem
sonans* and the appeal bond valid; such appellations having
been used indiscriminately throughout the proceedings and
there being no question as to the identity of the parties. p. 134.

2.  APPEAL.—*Bond.*—*Validity.*—*Filing in Court at a Subsequent
Term Instead of With Clerk.*—Where, at the term in which
judgment was rendered and motion for new trial overruled, the
amount of the appeal bond was fixed, the time within which it
must be filed and the names of the sureties approved by the
court, the fact that the bond was marked approved by the court
at a subsequent term and filed in open court did not make the
bond ineffective on the ground that it was not filed with the
clerk, as filing the bond in open court necessarily was a filing
with the clerk.  p. 134.

3.  APPEAL.—*Bond.*—*Validity.*—*Incorrect Statement of Amount
of Judgment.*—An appeal bond is not vitiated and the appeal
will not be dismissed because the bond stated the amount of the
judgment appealed from as $3,183 instead of $3,173, where the
judgment is otherwise sufficiently identified.  p. 134.

4.  APPEAL.—*Pleading.*—*Sufficiency.*—*Theory.*—In an action on a
promissory note, where defendants adopted in the trial court
the theory that a paragraph of their answer to which demurrer
was sustained was based on suretyship during coverture, the
court's ruling must be tested on that theory on appeal, and de-
fendants cannot contend that the paragraph shows that the
note arose out of a gambling transaction.  p. 135.

5.  EVIDENCE.—*Laws of Foreign State.*—*Presumption.*—In the
absence of averment to the contrary, the law of Illinois is pre-
sumed to be the same as in this state.  p. 135.

6.  APPEAL.—*Waiver of Error.*—*Failure to Assign.*—Alleged
error in overruling a motion to quash a writ in attachment is
waived, where there was no assignment thereof.  p. 136.

**132    APPELLATE COURT OF INDIANA,**

7. BILLS AND NOTES.—*Execution.—Proof.—Failure to Deny under Oath.*—In an action on a promissory note, where the complaint alleged that defendants executed the note by their initials, but set forth their christian names, and there was no denial under oath of execution, the note was admissible in evidence, as against the objection that there was no sufficient proof of the defendants as the makers of the note. p. 136.

8. BILLS AND NOTES.—*Action on Promissory Note.—Identity of Payee.—Evidence.—Sufficiency.*—In an action on a note made payable to plaintiff by the name under which the action was instituted, testimony by plaintiff that, after the commencement of the suit she had remarried, but continued to transact her business by the name stated in the complaint, sufficiently identified her as the payee. p. 136.

9. TRIAL.—*Evidence.—Admission without Objection.—Striking Out.*—Where there was no objection to the admission of certain papers in evidence, it was not error to admit them and to subsequently refuse to strike out one of them. p. 136.

10. APPEAL.—*Presenting Questions for Review.—Exclusion of Evidence.—Offer to Prove.*—Alleged error in the exclusion of evidence should be presented for review on appeal by setting out the question propounded, and an offer to prove, in the absence of which offer there is nothing for the consideration of the court on appeal. p. 137.

11. APPEAL.—*Review.—Exclusion of Documentary Evidence.—Omission of Document from Appellant's Brief.—Appellee's Statement of Contents.—Conclusiveness.*—Where appellants contended that the trial court erred in refusing to admit in evidence a written statement of all transactions had between the parties, but the statement was not in appellant's brief, appellee's assertion, which was unrefuted, that on its face the statement excluded appeared to be taken from other books or memoranda, and that it was not shown who made it, was sufficient to justify the court's ruling. p. 137.

12. BILLS AND NOTES.—*Joint Note.—Joint Consideration.*—It is not necessary to support a joint note that there be a joint consideration, as a consideration moving to either maker is sufficient to support the obligation of both. p. 137.

13. APPEAL.—*Review.—Harmless Error.—Refusal of Instructions.—Cure of Error by Jury's Answers to Interrogatories.*—Error, if any, in refusing defendant's requested instructions pertaining to questions of agency and dealings in stock margins, options and futures as consideration for the note in suit was harmless, where the jury's answers to interrogatories found in effect that property in the form of certain stocks given by

plaintiff to one of the defendant makers was the consideration for the note, and that finding was supported by the evidence. p. 138.

14. BILLS AND NOTES.—*Promissory Note.—Payee's Misrepresentations as to Use of Money Secured.—Materiality.*—Even though the payee of a promissory note falsely represented to the makers that she would use the note as security for the purchase of a drug store, such representation was immaterial, in the absence of proof that the note was not to be enforced.   p. 139.

15. PARTIES.—*Action by Unmarried Woman.—Marriage While Suit is Pending.—Amendment as to Name.*—Where plaintiff, a widow, had married after the beginning of the action, but continued to transact her business by her widowed name, she could have maintained her action either under her former name or her new name, so that a verdict for her was not contrary to law because she had not amended her pleadings to show her change of name.   p. 139.

16. PARTIES.—*Action by Unmarried Woman.—Marriage During Pendency of Action.—Failure to Show Change of Name.—Plea in Abatement.*—The objection that the name of the plaintiff, an unmarried woman, had been changed by her marriage during the pendency of the action should have been presented, not by an assignment of error that the verdict was contrary to law, but by a plea in abatement, so that plaintiff would have had an opportunity to amend her pleading.   p. 139.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Nettie D. Herskovitz against J. Hamilton Spielman and another.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*Riley, Hembroff, Dyer & Reed,* for appellants.

*John C. Hall, F. N. Gavit, Walter H. Smith* and *Albert H. Gavit,* for appellee.

NICHOLS, J.—This was an action by appellee against appellants on a promissory note upon which appellee claimed there was a balance due of $3,000, and as ancillary thereto, there were proceedings in attachment and garnishment, alleging the nonresidence of appellants.   On motion of appellant the garnishment proceedings were quashed, and there is therefore no question thereon for our consideration.   Appellants each filed

separate answers. Appellant Sophia Spielman answered in four paragraphs, the first a general denial, the second, want of consideration, the third, suretyship during coverture, and the fourth that appellee procured the execution of the note sued on by fraudulently representing that she would use the same as security for the purchase of a stock of drugs in the city of Chicago, Illinois, which representation was fraudulent and that said note was never used for such purpose. Demurrer was sustained to the third paragraph, and appellee replied to the second and fourth paragraphs. Appellant J. Hamilton Spielman answered in four paragraphs, the first, a denial, the second, want of consideration, the third, that the note was given to indemnify appellee against certain alleged gambling transactions, and the fourth, that the note was given under promise not to negotiate it or to enforce it, and for the purpose of indemnifying appellee in certain money speculations. Appellee's replies were in general denial. The cause was tried by a jury which gave its verdict in favor of appellee in the sum of $3,173, upon which, after appellants' separate and several motion for a new trial was overruled judgment was rendered against both appellants, with an order of sale of the real estate attached.

Appellee has filed her motion to dismiss the appeal under which she contends that the appeal bond is joint, not several, and hence not available for appellants respectively; that the parties appellant named therein are not the same as the parties defendant to the action; that the bond was filed and approved in open court at a subsequent term and not with the clerk, and that the amount of the judgment was $3,173 while the amount named in the appeal bond was $3,183. As to the first contention, the bond shows clearly on its face that it is joint and several. As to the second, appellee has named the parties defendant as J. Hamilton

Spielman and Sophia Spielman, while in the bond they are J. Hampton Spielman and Mrs. Sophie Spielman. We note that these appellations are used indiscriminately throughout the proceedings, and there can be no question as to identity. Further, we hold that the names are *idem sonans. Pinney* v. *State* (1901), 156 Ind. 167, 59 N. E. 383; *Knickerbocker Ice Co.* v. *Surprise* (1912), 53 Ind. App. 286, 97 N. E. 357, 99 N. E. 58. As to the third, the amount of the bond was fixed, the time within which it must be filed and the names of two sureties either of whom was approved by the court, all at the term in which the judgment was rendered and motion for a new trial overruled. This was sufficient. The fact that the bond was afterward marked approved by the court and filed in open court could not make it ineffective. Filing in open court necessarily files with the clerk. As to the fourth, though the amount of the judgment is given as $3,183, instead of $3,173 it is otherwise sufficiently identified, and the bond is not vitiated by such a minor error. 4 C. J. 1254. The motion to dismiss the appeal is overruled.

Appellant Sophia Spielman assigns as error the court's action in sustaining appellee's demurrer to her third paragraph of answer. While there is some

4. contention that this paragraph is good on the theory that it shows that the note in suit arose out of a gambling transaction, it is apparent by an examination of the answer that the pleader adopted the theory of suretyship during coverture which was followed by the trial court, and upon this theory it must now be tested. Any other theory must be disregarded. *Anderson, etc., Mach. Works* v. *Myers* (1896), 15 Ind. App. 385, 44 N. E. 193. At the time of the execution of the note in suit, suretyship, while under

5. coverture, was not a defense in Indiana. Acts 1919 p. 90. And, in the absence of averment to

the contrary, the law is presumed to be the same in the State of Illinois where the note was executed. *Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370, 82 N. E. 761. There was no error in sustaining the demurrer to the said third paragraph of answer.

Appellants have attempted to present error in the court's action in overruling their motion to quash the writ in attachment, but there is no assignment of such an alleged error, and it is therefore waived.

Under their motion for a new trial, appellants contend that there was error in the court's action in admitting in evidence the note sued on which was signed by the initials of the makers, and appellants say that there was no proof of identity. It was averred in the complaint that appellants executed the note by their initials, and there was no denial of execution under oath. They also say that the payee was not identified: Appellee testified that after the execution of the note and after the commencement of the action appellee, who was a widow, married and that at the time of the trial her married name was Diamond though she continued to transact her business in the name of Herskovitz. This evidence sufficiently identified her as the payee. The note was admissible in evidence. *West* v. *Hayes* (1885), 104 Ind. 30, 3 N. E. 610; *Rightsell* v. *Kellum* (1874), 48 Ind. 252.

Appellants next say that the court erred in overruling their motion to strike out the affidavit in attachment which had been read in evidence, and in admitting in evidence the undertakings in attachment and garnishment. There were no objections to the admissibility of these papers, hence there was no error in admitting them in evidence, and none in refusing to strike out the affidavit in attachment.

Appellants next contend that "the court erred in refusing to permit the witness, J. H. Spielman, to explain

the meaning of 'dealing in margins' and whether that was the manner of transacting the business carried on by these parties." The alleged error should have been presented by setting out the question propounded, and appellants' offer to prove in answer thereto. In the absence of such offer, there is nothing for our consideration. *Miller* v. *Coulter* (1901), 156 Ind. 290, 59 N. E. 853; *Brinkman* v. *Pacholke* (1908), 41 Ind. App. 662, 84 N. E. 762.

It is next complained that the court erred in refusing to admit in evidence a statement identified by appellant J. H. Spielman as a correct statement of all transactions had. We do not find this statement in appellants' brief. Appellee says that it was not a memorandum made by the witness who sought to identify it; that on its face it appeared to be a statement of account taken from some other books or memorandum, that it is not shown that it was ever seen by appellant and that it was not shown who made it, or from whence it came. This statement unrefuted, and in the absence of the paper is enough to justify the court in its ruling. There is strong contention between the parties as to whether the instructions are in the record. But ignoring technicalities, and conceding that the instructions are properly presented, we find no available error in the court's action with reference thereto.

Appellants' instruction No. 4 tendered and refused, asked the court to instruct the jury that the note sued on was a joint obligation, and that therefore there must be, in order to its validity, a joint consideration. We do not so understand the law. If it were so, there would be direct antagonism with the law of suretyship. A maker of a note, whether joint or several, need receive no consideration in his own right. It may move entirely to his co-obligor, and if there be a sufficient consideration to such comaker, and

he join in the execution at the time in consideration of the benefit to his comaker, he is bound thereby.   Appellants rely upon *Moyer* v. *Brand* (1885), 102 Ind. 301, but a careful reading of that case shows that it is not helpful to appellants, and that it is not out of harmony with the general rule.   The note there sued on was a joint note, and the court, distinguishing the case from *Anderson* v. *Meeker* (1869), 31 Ind. 245, and *Bingham* v. *Kimball* (1870), 33 Ind. 184, both of which cases are in harmony with the general rule, says on p. 305:   "The averment in Moyer's answer that, 'as to him, the note was executed without any consideration whatever,' is not the same as the averment that he received no consideration, or that the note was given without consideration to him.   Properly interpreted, Moyer's answer is, that so far as he was concerned, or so far as he was connected with the transaction, there was no consideration for the note.   Not only no consideration moving to, or received by him, but no consideration 'whatever'; no consideration to him, and no consideration in any manner to any one else.   'As to him' limits the defence to him, but does not limit the want of consideration. The cases cited by counsel, therefore, do not overthrow the answer."   It thus appears in this case, and in the cases cited that the consideration need not be joint, but that it may move to one maker with the consent of the other.

Instructions Nos. 5, 6, 8, 9 and 13 tendered by appellants and refused pertained to questions of agency, and dealings in stock margins, options and futures as

13.   considerations for the note in suit.   Even if these instructions might have been correct statements of the law under some circumstances, the jury's answers to interrogatories made their refusal in this case harmless.   By these answers the jury found in effect that property in the form of certain stocks given by appel-

lee to appellant J. H. Spielman was the consideration for the note. This finding is supported by abundant evidence, a part of which is the written authority of appellee to her brokers to transfer certain stocks therein named to appellant J. H. Spielman, and said appellant's written acceptance of the transfer.

Instructions Nos. 10 and 12 tendered by appellant and refused would have told the jury that if the note was obtained by appellee's fraudulent representations 14. as to the use to which the money realized thereon would be put, and if appellants relied thereon there could be no recovery. The evidence as to this representation is to the effect that after appellant Sophia had signed the note, and she and appellee had left the room, appellee told her that she intended to buy a drug store. Some such statement was made to appellant J. H. Spielman. Granting that appellee made these statements of her intention, what difference could it make to appellants as to the use she would make of the money obtained on the note? There is no evidence that the note was not to be enforced, and appellants could as well pay it in the hands of one holder as another. There was no error in refusing to give any of the instructions tendered by appellants, and after a careful reading of the instructions given by the court we hold that they fairly informed the jury as to the law of the case.

The verdict was not contrary to law by reason of the fact that appellee had intermarried with one Diamond since the commencement of this action, and had 15, 16. not amended her pleadings to show her change of name. Appellee's evidence set out above had identified her as the payee. She was still known in business by her widowed name. She could have maintained her action in either name. See 1 Watson, Rev. Works Prac. 288. Further, appellants should have presented this matter by plea in abatement and appellee

might then have amended. *Sinton* v. *Steamboat R. Roberts* (1874), 46 Ind. 476. By a careful perusal of the voluminous briefs we are satisfied that a right result was reached.

The judgment is affirmed.