LUESSE *v.* STATE OF INDIANA.

[No. 25,987. Filed May 3, 1934.]

*Milton Siegel,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

FANSLER, J.—Appellant was fined and sentenced to jail for a direct contempt of the Municipal Court of Marion County.

He assigns as error the overruling of his motion for a new trial; failure of the court to reconsider its judgment and rescind its finding; that the court erred in failing to adjudge appellant purged of contempt upon his affidavit; and that the court erred in sustaining an objection to a certain question propounded to a witness. The latter assignment is not presented in the brief.

It appears from the affidavit of a policeman on duty in the court as bailiff, and from the evidence, that after the trial of one Moon, in which he had been found guilty and sentenced, appellant arose and shouted: "That is unjust. They talk about constitution, they ain't no constitution to that finding;" that he was then cautioned by an officer to leave the court room in an orderly manner, and that as he approached the door he shouted: "Come on comrades, these police is railroading me;" that thereupon a commotion ensued.

Appellant predicates his contention that the court erred in overruling his motion for a new trial upon the theory that the evidence shows that whatever was done by appellant was after court had adjourned and the judge had left the bench, and that, therefore, there was no evidence of a direct contempt. But there was evidence that what took place was in the presence of the court while the judge was on the bench for the purpose of transacting the business of the court, and the record shows that upon appellant's trial the judge stated that he was present on the bench for the purpose of transacting business when the commotion took place, and that the business of the court was disturbed, and that he was personally conscious of it, and had personal knowledge of it. There was evidence of witnesses to the same effect.

In support of his motion for a new trial, appellant filed the affidavits of various persons contradicting the evidence submitted by the state, and the statements of

482

the judge. These affidavits were merely cumulative, since evidence to the same effect was introduced in defense at the trial.

> ". . . for a direct contempt the offender may be punished instantly by arrest and fine or imprisonment upon no farther proof or examination than what is known to the judges by their senses of seeing, hearing, etc." *Coons v. State* (1922), 191 Ind. 580, 134 N. E. 194, and cases there cited.

Where the contempt is direct appellant may not purge himself by simply filing his verified answer that he intended no contempt, or that he did not do the things attributed to him. *Coons v. State, supra.*

Appellant urges that the decision of the court is against the weight of the evidence, but this court will not weigh conflicting evidence.

We find no error in the record.

Judgment affirmed.