SHERIDAN *v.* STATE OF INDIANA.

[No. 18,588. Filed March 1, 1955.]

*Frank I. Hamilton,* of Greensburg, for appellant.

*Edwin K. Steers,* Attorney General, *Frank E. Spencer,* Deputy Attorney General, for appellee.

KENDALL, J.—The appellant was found to be a delinquent child by the Franklin Circuit Court sitting as the Juvenile Court.

Affidavit was filed against the appellant September 25, 1953, which was signed by the court's Probation Officer. On the same date, a warrant was issued, the defendant was arrested and counsel entered appearance for the appellant. On either September 25, or October 2, 1953, the record not being clear as to which date, a hearing was had in the court's chambers which resulted in the appellant being found by the court to be delinquent and returned the custody thereof to her grandparents, Georgia and Ray Smith' subject to certain definite and stated conditions defined by the court in the order for the appellant to obey. On December 10, 1953, the Probation Officer informed the court that the appellant herein had violated certain conditions and promises under which the court released her to the grandparents on either September 25 or October 2, 1953. A hearing

was had in the court's chambers as to the violation of the order. The court determined that the appellant had violated promises two and three of the order adjudging her to be a delinquent child and committed her to the Board of Trustees of the Indiana Girls' School.

On December 28, 1953, the appellant filed motion for new trial containing one specification, to-wit: irregularities in the proceedings of the court by which the defendant was prevented from having a fair trial.

The only assignment of error is the overruling of the appellant's motion for new trial.

There was attached to the motion for new trial what has been denominated a memorandum which was unexecuted, which unsigned memorandum alleged that the appellant was not present at the hearing which led to her being found guilty of violating promises two and three of the order adjudging her to be a delinquent child and that there was not present at the hearing on December 10 a court reporter to take down the evidence as well as the rulings of the court.

The supplemental transcript signed by the Judge on October 11, 1954, shows that the defendant's special Bill of Exceptions filed on July 2, 1954, was amended to read as follows:

". . . that a hearing was held in the Judge's chambers concerning violations of conditions and promises under a Court order of October 2, 1953. That at said hearing the following persons were present: Shirley Ann Sheridan; Mabel A. Hofmann, Probation Officer; Clayton Bond, Prosecuting Attorney; Georgia Smith, Maternal Grandmother, and Charles R. Baker, attorney representing the child and grandmother; . . ."

This court is bound by the record presented. It is apparent that appellant's contention is without merit as to the presence of the appellant at the hearing for the record shows conclusively that

the appellant was present and was represented by counsel.

Appellant further contends that a court reporter was not present at the hearing held on December 10, 1953, which hearing was had upon information of the ■ Probation Director that the appellant had broken the conditions of the parole in the original order of either September 25 or October 2, 1953. As previously pointed out, the motion for new trial contained one specification, viz.: that of irregularities in the proceedings which prevented her from having a fair trial. The motion did not contain the statutory specifications that the judgment of the court was not sustained by sufficient evidence and was contrary to law, which would, in itself, have necessitated a transcript of the evidence and the rulings of the court. The appellant has not made a showing in the record before us that any question was raised in the trial court as a grounds for new trial, the determination of which question would require a transcript of the evidence presented at the hearing on December 10. No showing is made that appellant made any attempt to show that she had been prevented from presenting a Bill of Exceptions containing the evidence together with the ruling of the trial court. In fact, none of the errors complained of involved the evidence for which a reporter would have been required to have taken down in shorthand. If such alleged errors had been properly presented, a different and more serious question would be before this court for determination. The appellant, therefore, could not have been harmed for failure to have a court reporter present in the chambers. It is, therefore, apparent, upon the record presented to this court, and, in view of the specification of the motion for new trial, that no irregularities existed in this respect.

The record shows conclusively that the appellant was represented by counsel. No request was made before the hearing or during the progress thereof for the proceedings to be taken down in shorthand, and the question was first presented to the trial court by the unsigned memorandum attached to appellant's motion for new trial.

This court in the case of *Rudisell* v. *Jennings* (1906), 38 Ind. App. 403, 77 N. E. 959, held that the failure of the court to appoint an official stenographer to report the evidence in a case was not grounds for a new trial where no request was made therefor.

Notwithstanding, however, the motion for new trial in this case does not point out the irregularities to the trial court complained of by appellant. Such particular irregularities must be distinctly specified in the motion for new trial. *Grose* v. *Dickerson* (1876), 53 Ind. 460.

In §1812, Comment 1, Indiana Trial and Appellate Practice, Flanagan, Wiltrout & Hamilton, it is said:

> "It is not sufficient merely to allege error under this provision in the language of the statute; the motion must set out the specific irregularity complained of. Phelps v. Tilton (1861), 17 Ind. 423; Scoville v. Chapman (1861), 17 Ind. 470; . . ."

By the terms of the record as they are tendered to this court, no question is presented in appellant's motion for new trial.

Judgment affirmed.

NOTE.—Reported in 124 N. E. 2d 701.