WORMAN *v.* ROSENWINKEL, EXECUTOR OF THE ESTATE OF WORMAN ET AL.

[No. 29,663. Filed October 21, 1958.]

*Grimm & Grimm,* of Auburn, for appellant.

*C. A. Lincoln, James P. Murphy* and *Leas & Hines,* all of Fort Wayne, for appellees.

BOBBITT, C. J.—This action was commenced by the filing of an information for contempt by one Robert L. Hines, an attorney representing appellee Rosenwinkel, as executor of the estate of Serena Worman, against appellant herein. Such information alleged the failure of appellant to comply with a certain consent decree in that he failed and refused to convey his interest in certain unused cemetery lots, as provided by the terms of such decree. The trial court issued a rule to show cause.

Appellant filed a verified motion to discharge the rule alleging that the person signing and verifying the information had no personal knowledge of the facts stated therein. This motion was overruled. Thereupon appellant filed an answer in two paragraphs together with supporting affidavits.

After hearing on the citation appellant was found to be guilty of contempt of court and was committed to the custody of the sheriff of Allen County until he "shall have purged himself of contempt" by complying with the order and decree of the court.

Appellant in the argument section of his brief urges only two assigned errors, viz.:

"3. The finding and judgment of the Court is not sustained by sufficient evidence.

"4. The decision of the court is contrary to law."

Hence, all other questions raised in the motion for a new trial are waived. Rule 2-17, Rules of the Supreme Court of Indiana, 1958 Edition.

Only two questions are presented for our consideration.

*First:* Appellant asserts that the trial court erred in refusing to sustain the verified motion to discharge the rule to show cause.

Appellee asserts that this question is not presented here because "Appellant does not, either in his Motion for New Trial or in his Assignment of Errors, specify the action of the court in this respect as being error." An examination of the motion for a new trial and the assignment of error discloses that appellee's assertion is true. Hence, this question is not properly presented by the record before us and will, therefore, not be considered. Alleged error such as this cannot for the first time be asserted on appeal. *Cadwell* v. *Teaney* (1928), 199 Ind. 634, 641, 157 N. E. 51 (Cert. denied, 277 U. S. 605) ; *Riehl et al.* v. *The Evansville Foundry Association* (1885), 104 Ind. 70, 74, 3 N. E. 633; *Sheridan* v. *State* (1955), 125 Ind. App. 271, 275, 124 N. E. 2d 701; *Spielman* v. *Herskovitz* (1922), 78 Ind. App. 131, 136, 134 N. E. 909.

*Second:* Appellant further asserts that the evidence is not sufficient to support the decision of the trial court.

An examination of the evidence at the hearing upon the rule to show cause, as it appears in the record before us, discloses that it is in conflict. Under such circumstances this court will not weigh the evidence. *Luesse* v. *State* (1934), 206 Ind. 480, 482, 190 N. E. 177.

Considering only that most favorable to the appellee, there is sufficient evidence to sustain the decision of the trial court, and on the record presented its judgment must be affirmed.

Judgment affirmed.

Landis, Achor, Arterburn, and Emmert, JJ., concur.

NOTE.—Reported in 153 N. E. 2d 383.