## MACKEY v. ANDREWS

[No. 19,329. Filed January 27, 1961. Rehearing denied March 15, 1961.]

*Cecil A. McCoy,* of Fort Wayne, for appellant.

*Bloom & Bloom,* of Fort Wayne, for appellee.

MYERS, J.—This is an action filed by appellant against appellee in which appellant alleged that he had loaned the sum of $3,100 to appellee at his request, which appellee promised to pay back, but did not do so. Appellee filed an answer amounting to a general denial, pursuant to Rule 1-3 of the Supreme Court. The issues

having been formed, a trial was held and evidence heard before the court without a jury, which resulted in a finding and judgment for appellee and that appellant take nothing by his complaint.

Appellant filed his motion for new trial, which reads as follows:

"The plaintiff in the above-entitled cause moves the court for new trial thereof for the following reasons, to-wit:

"1. The decision of the Court is contrary to law.

"2. The court erred in admitting in evidence, over objection by the plaintiff, the testimony of the defendant himself that the money he received from the plaintiff was given and received for the purpose of operating a numbers game.

"Wherefore plaintiff prays the court for a new trial of said cause.

"Fred Mackey, Plaintiff"

The motion was overruled and this appeal followed. Appellant's only assignment of error is the overruling of the motion for new trial.

The evidence revealed that appellant was an insurance broker, living in Gary, Indiana. He testified that on April 15, 1954, appellee, who lived in Fort Wayne, Indiana, came to his office, where, after a brief conversation, appellant loaned appellee $3,100 in $10 bills; that the purpose of the loan was to enable appellee to clear up an urgent debt with some whiskey dealers in Fort Wayne; that the loan was made with the understanding that it would be repaid; that it had never been repaid; that no promissory note was given or requested, as appellee had been a friend of his for eight or nine years; that appellee was the owner of a liquor store in Fort Wayne; that his situation was desperate and he needed the money immediately.

.Appellee testified that he operated a "recreation parlor" and pool hall in Fort Wayne; that he also was in the bail bond business "out of City Court"; that he did not own a liquor store, but that his wife held a license and operated a package liquor store adjoining his pool hall. Appellee denied that he had borrowed any money from appellant or that he needed money at that time to pay whiskey bills. He stated that appellant gave him $2,800 for the purpose of investing in another project, which was at the instance and suggestion of appellant. This project was the operation of a policy or numbers game in Fort Wayne, wherein appellant was to receive 70% of the profits and appellee was to receive 30%. Appellee claimed that he was inexperienced and that the venture failed, mostly because "it wasn't desirable to the local authorities." He further testified that he had purchased a federal $50 gaming stamp for the ill-fated operation. In other words, appellee's testimony was to the effect that the money appellant claimed he loaned to appellee was actually used for the operation of an illegal enterprise.

The admission of this testimony was vigorously objected to by appellant's attorney on the ground that appellee was attempting to insert an affirmative defense under a general denial when such had to be specially pleaded by answer. The court overruled all these objections.

Appellant has argued very effectively that where a defense comprises affirmative new matter it must be specially pleaded. If it is not so specially pleaded, testimony adduced in its support is not only inadmissible, but if allowed to be introduced over objection constitutes fundamental error. He cites as authority the cases of *Pfaffenberger et al.* v. *Platter et al.* (1884), 98 Ind. 121; *Stringer et al.* v. *Breen* (1893), 7 Ind. App. 557, 34

N. E. 1015; *Creech* v. *Hubbard* (1927), 86 Ind. App. 75, 156 N. E. 176.

However, appellant has failed to preserve the error he relies upon in this appeal. Grounds for a motion for a new trial are statutory and are found in Burns' Ind. Stat., §2-2401 (1946 Repl.). This section states, *inter alia,* that a new trial may be granted for error of law occurring at the trial and excepted to by the party making the application. Where error is claimed in the admission of evidence, it must be assigned with particularity. The question asked must be set forth in full or in substance, along with the objection, the answer, and the court's ruling. It must be shown who the witness was, for whom he was testifying, and who asked the question. *Matthews* v. *Adoniram Grand Lodge etc.* (1959), 129 Ind. App. 395, 154 N. E. 2d 806; *Seward* v. *Seward* (1956), 126 Ind. App. 607, 134 N. E. 2d 560; Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice,* ch. 30, §1812 (Supp.). Such was not done in this motion for new trial. Thus, no question concerning errors of law occurring at the trial was preserved herein on appeal. *Worman* v. *Rosenwinkel, Extr., etc., et al.* (1958), 238 Ind. 556, 153 N. E. 2d 383.

Appellant has assigned as error that the decision of the court was contrary to law. This assignment is proper where the party complains that, under the evidence, the judgment did not give him affirmative relief to which he was entitled. *Coats* v. *Veedersburg State Bank* (1942), 219 Ind. 675, 38 N. E. 2d 243. Only where the evidence is without conflict, and can lead to but one reasonable conclusion, and the trial court has reached a contrary conclusion, will the decision be disturbed as being contrary to law. *Dorweiler*

*et al.* v. *Sinks et al.* (1958), 128 Ind. App. 532, 148 N. E. 2d 570.

As we have seen, the evidence herein is most conflicting, and certainly cannot lead to but one obvious conclusion. Thus, appellant cannot avail himself of the assignment that the decision is contrary to law.

Judgment affirmed.

Ax, C. J., and Cooper and Ryan, JJ., concur.

NOTE.—Reported in 171 N. E. 2d 707.