NONDAS BASEY *v*. THE ESTATE OF HOWARD B. SOWERS, DECEASED.

[No. 1271A255. Filed December 20, 1972.]

538

*Walter C. Dietzen,* of Anderson, for appellant.

*David M. Adams, Castor, Richards & Adams,* of Noblesville, for appellee.

WHITE, J.—This is an appeal from a judgment dismissing a claim against a decedent's estate filed by the guardian (also natural mother) of an illegitimate child of the decedent in reliance on Ind. Ann. Stat. § 3-629 (Burns 1968 Repl.), IC 1971, 31-4-1-7, which is set out in the margin.[1] The court's entries which are the basis of this appeal follow:

---

1. "3-629. Liability of father's estate—Rights of widow—Limitations upon rights.—The obligation of the father, where his paternity has been established during his lifetime by judgment of a court of competent jurisdiction, or where his paternity has been acknowledged by him in writing, or by the part performance of his obligations, is enforceable against his estate in such an amount as the court may determine, having regard to the age of the child, the ability of the mother to support it, the amount of the property left by the father, the number, age, and financial condition of the lawful issue if any, and the rights of the widow, if there be a widow: Provided, That in the enforcement of such obligation against estates the amount allotted to, or on behalf of, any child born out of wedlock shall never be in any event

## "FINDING OF FACT AND CONCLUSION OF LAW

"This is a claim against the Estate of Howard B. Sowers brought on behalf of Howard Sowers, Jr., the claim having been filed in Hamilton Circuit Court on October 27, 1970. The claim was asserted for support of Howard Sowers, Jr., and for his lawful share of the said estate.

"The Attorney for the Estate submitted a motion to dismiss the claim, and on June 10, 1971, the Honorable Edward F. New, Hamilton Circuit Court, notified the parties that the claim had been dismissed. The Court, having considered all evidence now reaches the following findings of facts and conclusions of law.

## "FINDING OF FACT

"1. The Will of Howard B. Sowers left all property to Hazel Louise Sowers and nothing to any of his children, including Howard Sowers, Jr.

"2. Nondas Basey, mother of Howard Sowers, Jr., reached a settlement with Howard B. Sowers on July 6, 1956, regarding the paternity of Howard Sowers, Jr. Upon settlement the Superior Court of Madison County, Room 2 decreed that Howard B. Sowers was 'forever released and discharged from further payment of any sum whatsoever toward the support, education and maintenance of said child.' On this basis, Howard Sowers, Jr. had no claim for support against Howard B. Sowers at the time of his death; therefore, no valid claim for support can be asserted against his estate.

## "CONCLUSIONS OF LAW

"1. In Indiana a Will is construed to ascertain the intention of the testator. Once the intent of the testator has been determined, all other rules of law must bend to such intent.

"2. In Indiana a Will is to be construed so as to avoid a partial intestacy.

greater than the amount that could have been allotted to, or on behalf of, such child as its distributive share had it been born in wedlock: Provided, further, That in no instance shall the provisions of this section be construed so as to impair the rights of a surviving wife to share in the estate of her deceased husband or in any way to amend the laws of descent. The court may in its discretion direct the discharge of the obligation of the estate by periodical payments or by the payment of a lump sum. [Acts 1941, ch. 112, § 7, p. 301.]"

"3.  In Indiana accounts for the support of minor children of a decedent after his death are not proper claims against the estate.

"4.  A claim against an estate, to be valid, must have been valid against the decedent at the time of his death.

"Let the judgment be entered accordingly.

## "JUDGMENT

"The Executrix herein having filed a Motion to Dismiss with Memorandum in support thereof and the claimant having filed an answer memorandum and the Executrix having filed a reply memorandum, which motions and memorandums read as follows, to-wit: (H.I.)

"The Court, having heard the oral argument of the respective parties pertaining to the Executrix's Motion to Dismiss and the Court, being fully advised in the premises, now finds that the said Motion to Dismiss should be sustained in all respects and the said claim should be dismissed. The Court further finds that a judgment should be entered in favor of the said Executrix and the Plaintiff should have and recover nothing by way of the claim.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that the said Motion to Dismiss filed by the said Executrix is hereby sustained and the said claim filed by the said claimant in the above entitled cause of action is hereby dismissed. IT IS FURTHER ADJUDGED, ORDERED AND DECREED that the said claimant take nothing by way of its claim against the said Estate.

"So Ordered this 14th day of July, 1971."

Since this is a negative judgment we shall not concern ourselves with appellant's contention that the court's decision is not supported by sufficient evidence.[2]  Appellant's entire argument is relevant to her contention that the decision is contrary to law and will be discussed in that context. We hold, however, that the decision is not contra-legal and therefore affirm the judgment.

2.  *Schuh* v. *State* (1968), 251 Ind. 403, 241 N.E.2d 362, 15 Ind. Dec. 667; *Calvert* v. *London* (1965), 137 Ind. App. 595, 210 N.E.2d 376, 6 Ind. Dec. 459; *Mackey* v. *Andrews* (1961), 131 Ind. App. 576, 171 N.E. 2d 707.

The thrust of appellant's argument is that the agreement between decedent and appellant for a total support payment of $2,500.00, which was approved by the Superior Court of Madison County, No. 2, did not make adequate provision for the support of the child and therefore did not terminate decedent's duty to support the child. The appellant entirely disregards the Madison County Court's determination that the provision was sufficient and adequate and that payment released decedent from further liability for the child's support. Her argument implies that the Hamilton County Court is likewise free to ignore the Madison County adjudication and make those determinations for itself.

Appellant's attack on the adequacy of the agreed support payment is premised on Ind. Ann. Stat. § 3-646, IC 1971, 31-4-1-25, and particularly the first sentence thereof which reads: "Any agreement entered into by the mother . . . with the alleged or admitted father . . . concerning the support . . . of such child, shall be binding upon the mother or child only when adequate provision is made therein for the support of the child." What it ignores is that it has been made binding by fulfillment of the condition imposed by the second sentence which reads: "The existence of such an agreement shall not be a defense to any action brought pursuant to the provisions of this act[3] *unless it be determined by the court that adequate provision was made* therein for the support of the child and that the alleged father has complied with the terms of the agreement." That determination was made by the court in Madison County, in the same judgment on which appellant relies to establish paternity. Appellant ignores that determination and would have the Hamilton Circuit Court make an independent determination without suggesting any justification for ignoring the prior adjudication.

Absent some exception to the general rule, parties are

3. See n. 1, p. 1.

bound by a prior adjudication.[4] The rule includes matters submitted by agreement as well as matters contested.[5] The judgment of the Superior Court of Madison County, No. 2, was as binding on appellant and her ward as to the adequacy of the support agreed on as it was on appellee as to paternity. Neither could relitigate either issue absent some exception to the rule of *res judicata*.

The trial court was correct in holding that the judgment of the Superior Court of Madison County, Room 2, released decedent from liability for further support and in denying relief on that basis.

Judgment affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 290 N.E.2d 488.

4. *Mayhew* v. *Deister* (1969), 144 Ind. App. 111, 244 N.E.2d 448, 16 Ind. Dec. 516.

5. *Apple* v. *Apple* (1971), 149 Ind. App. 529, 274 N.E.2d 402, 27 Ind. Dec. 182.