Sotirios D. TOSKOS, Appellant–Plaintiff,

v.

Steven W. SWANK and Cheryl L. Swank, Appellees–Defendants.

No. 02A03–9105–CV–125.

Court of Appeals of Indiana, Third District.

Sept. 23, 1991.

Joseph Christoff, Christoff & Christoff, Fort Wayne, for appellant-plaintiff.

Jerrald A. Crowell, John C. Bohdan, Moss, Crowell, Harris, Yates & Long, Fort Wayne, for appellees-defendants.

HOFFMAN, Judge.

Appellant-plaintiff Sotirios D. Toskos (Sotirios) appeals a bench trial judgment in favor of appellees-defendants Steven W. Swank (Steven) and Cheryl L. Swank (Cheryl) in an action on a promissory note.

At Sotirios' request, the trial court entered findings of fact and conclusions of law. The findings of fact provided as follows [1]:

"1. At all times relevant herein, [Steven] and [Cheryl] were, and are yet today, husband and wife. They have been married since December, 1980, and this is the second marriage for each of them.

2. Although married, [Steven] and [Cheryl] maintained different lifestyles with regard to their business affairs. Each had his or her own bank account and each had his or her own career. [Steven] was a real estate broker and [Cheryl] was employed at North American Van Lines.

3. Although at various times during their marriage, [Cheryl] signed documents at [Steven's] request regarding transfer of real estate, there is no indication that [Cheryl] ever received any monetary benefit from [Steven] regarding his real estate dealings. [Cheryl] was listed as a joint owner on several residential lots in Northway Garden Addition in Allen County, Indiana, which were part of [Steven's] business dealings. [Cheryl] signed several warranty deeds for various lots in that addition when they were sold by [Steven] in his business.

4. With regard to Lot Number 35, in Northway Gardens, [Steven] entered into an agreement with [Sotirios] whereby they would build a residence on speculation and divide any profits derived therefrom equally. [Sotirios] agreed to help finance the house and negotiated with [Steven] to loan [Steven] $36,000.00 toward that end. On September 30, 1986, [Steven] and [Cheryl] signed a Promissory Note to [Sotirios] in the amount of $36,000.00, together with a real estate mortgage for Lot Number 35 in Northway Gardens, which real estate mortgage was never recorded by [Sotirios].

5. The Promissory Note (Plaintiff's Exhibit 1) was originally made out to Damianos Toskos, as well as the real estate mortgage. Those were the condition [sic] of the documents when [Cheryl] signed each document. Thereafter, the documents were altered in that the first name of [Sotirios] was added to each document at a later date.

6. On September 30, 1986, [Steven] contacted [Sotirios] by telephone and advised him he had the documents ready for execution regarding the real estate transaction they had entered into. [Sotirios] went to his bank and made arrangements to have funds transferred to his account found by the court."

1. On page two of his appellate brief, Sotirios states that he "does not contest the facts as

in order that he might submit the $36,-000.00 check to [Steven]. At Commonwealth Title Company, documents were presented to [Sotirios] and he indicated his first name was missing. A clerk at Commonwealth Title then typed the name "Sotirios" on the Promissory Note and real estate mortgage.

7. When the documents were presented to [Sotirios], he submitted to [Steven] a check in the amount of $36,000.00 (Plaintiff's Exhibit 14). There is nothing in the record to indicate that [Cheryl] ever personally received any of these proceeds. The closing occurred on January 20, 1987, and neither [Cheryl] nor [Sotirios] were [sic] present at the closing.

8. There were insufficient funds received at the closing to repay the Promissory Note owed by [Steven] to [Sotirios]. Subsequent thereto the following payments were made by [Steven] to [Sotirios] on the Promissory Note:

| Date | Amount |
| --- | --- |
| January 14, 1987 | $ 500.00 |
| February 6, 1987 | $ 3,000.00 |
| March 2, 1987 | $ 2,000.00 |
| March 2, 1987 | $ 819.00 |
| April 15, 1987 | $ 3,000.00 |
| June 26, 1987 | $10,000.00 |
| June 26, 1987 | $ 864.42 |
| TOTAL | $20,183.42 |

9. [Steven] was the sole shareholder in his corporate business which was known as Swank & Company, Inc. There have been total payments on the Note from either [Steven] or his corporation to [Sotirios] in the amount of $20,183.42. The last payment made was in the amount of $10,864.42 and was paid four days before this lawsuit was filed which lawsuit was filed on July 1, 1987. At the time of the filing of the lawsuit, there was due and owing the amount of $17,270.82. No further amounts have been paid to [Sotirios].

10. Subsequent to the filing of this lawsuit, [Steven] filed a petition in bankruptcy in Florida and received his discharge, including the discharge of this obligation to [Sotirios]."

The trial court also entered the following conclusions of law and judgment:

"CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter of this action.

2. [Cheryl] received no consideration for the Note which she signed along with [Steven] to [Sotirios] in the amount of $36,000.00.

3. [Cheryl] was not acting as agent for [Steven] in any of the transactions referred to in the Findings of Fact.

4. [Cheryl] is not liable on the Promissory Note because of lack of consideration.

5. [Steven] is relieved of liablilty on the debt by virtue of having received his discharge in bankruptcy in a federal district court in Florida.

6. As a result of [Steven's] discharge in bankruptcy and [Cheryl's] lack of consideration, [Sotirios] is not entitled to recover in this matter.

JUDGMENT

Based upon the foregoing Findings Of Fact and Conclusions Of Law, the Court hereby enters judgment for Defendants against Plaintiff. Costs assessed against Plaintiff. (Court to notify.)"

■■■ Because Sotirios filed a request for findings of fact and conclusions of law as permitted by Ind.Trial Rule 52(A), this Court cannot affirm the trial court's judgment on any ground which the evidence might support. Rather, we must determine whether the trial court's findings are sufficient to support its judgment. *Laux v. Chopin Land Associates, Inc.* (1990), Ind.App., 550 N.E.2d 100, 102. This Court will not set aside a trial court's findings or judgment unless clearly erroneous. As both parties note, Sotirios is appealing from a negative judgment; therefore, to be successful, he must establish that the judgment is contrary to law. This Court will set aside a negative judgment as contrary to law only when the evidence is without conflict and all reasonable inferences lead to but one conclusion and the trial court has reached the opposite one. *In re Mar-*

*riage of Wooten* (1990), Ind.App., 563 N.E.2d 636, 638.

 Sotirios claims the trial court erred as a matter of law in concluding that Cheryl had not received consideration for the note and, thus, was not liable on the note. This Court agrees. Contrary to the trial court's conclusion, a joint note does not require joint consideration. *Spielman v. Herskovitz* (1922), 78 Ind.App. 131, 137, 134 N.E. 909, 912. Consideration moving to either maker of a note is sufficient to support the obligation of both. *Id.* at 137–138, 134 N.E. at 912; *see also Moehlenkamp v. Shatz* (1979), Ind.App., 396 N.E.2d 433, 439 ("It is not necessary that consideration flow directly from the payee to *both* makers of a note in order to bind the makers."). The judgment of the trial court is contrary to law.

 Sotirios also asks this Court to remand this case to the trial court for determination of a reasonable attorney's fee. As this Court noted in *Smith v. Kendall* (1985), Ind.App., 477 N.E.2d 953, awards made pursuant to attorney's fees provisions of notes, which are contracts of indemnity purely, cannot extend beyond reimbursing the holder of the note for the necessary attorney's fees reasonably and actually incurred in vindicating the holder's collection rights by obtaining judgment on the note. *Id.* at 954. The contractual obligation of the maker of the note to pay attorney's fees upon default cannot be reduced to an enforceable judgment without evidence being presented at trial from which the amount of a reasonable attorney's fee can be determined. *Id.* Here, the note contained a clause providing for attorney's fees, and Sotirios presented evidence at trial regarding the liability he incurred for legal services. Therefore, we remand to the trial court for determination of a reasonable attorney's fee.

Reversed and remanded to the trial court for entry of judgment in favor of Sotirios in the amount of $17,270.82, with interest from July 1, 1987, until satisfaction, and for determination of a reasonable attorney's fee.

STATON, J., and BAKER, J., concur.