Roger L. HOSSLER and Sandra J.
Hossler, Appellants–Plaintiffs,

v.

Michael D. HAMMEL, Appellee–
Defendant.

No. 85A02–9110–CV–440.

Court of Appeals of Indiana,
Third District.

Feb. 24, 1992.

William M. Bloom, Bloom, Bloom &
Gage, P.C., Columbia City, for appellants-
plaintiffs.

Larry T. Miller, Fort Wayne, for appel-
lee-defendant.

HOFFMAN, Judge.

This appeal arises from a property dis-
pute between Roger and Sandra Hossler
(plaintiffs) and Michael Hammel (defen-
dant), owners of adjoining lots in Austin's
Addition to the original plat of the town of
Etna, Indiana.

The facts relevant to the appeal disclose
that the Kecks and the Wheelers, the origi-
nal owners of the lots, had surveys made in
1953, after which they agreed upon a com-
mon boundary line. When plaintiffs pur-
chased their lot in 1970, they agreed to the
established boundary line without a survey,
and when defendant purchased his lot in
1977, he, too, agreed to the established
boundary line without a survey. Plaintiffs
rented their lot for several years and had a
survey made in 1988 in order to sell the lot.
The survey indicated the Addition was 9
feet longer east to west than shown in the
original plat, and the surveyor allocated the
extra footage equally among 6 lots. When
defendant became aware of the survey, he
insisted that the entire 9 feet be allocated
to his lot due to his previous purchase of
property in the original plat. After numer-
ous threats from defendant to demolish 8
feet of their garage, plaintiffs filed an ac-
tion to quiet title in the disputed strip of
land. Following a bench trial, the court
entered findings of fact and conclusions of
law establishing the property line as that
which the parties had originally agreed
upon but denying damages to plaintiffs for
slander of title.

The sole issue for our review is whether
plaintiffs failed to meet their burden of
proving the elements necessary to prevail
on their slander of title claim.

To prevail in a slander of title
action, the plaintiff must prove that the
defendant made false statements regarding

the plaintiff's ownership of the land in question, that the defendant made the statements with malice, and that the statements caused the plaintiff pecuniary loss. *Davis v. Sponhauer* (1991), Ind.App., 574 N.E.2d 292, 300. As plaintiffs note on page 29 of their brief, "[t]he bone of contention in this case is whether the Defendant uttered statements with malice." Malicious statements are those made with knowledge of their falsity or with reckless disregard for whether or not they were false. *Id.*

In *Freiburger v. Fry* (1982), Ind.App., 439 N.E.2d 169, this Court found malice where, despite the description in his deed, the defendant had actual knowledge of an existing fence separating the property and that the owner on the other side refused to move it. *Id.* at 174. The instant case is similar to *Freiburger* in that, while defendant may have been relying on the results of plaintiffs' survey in making his statements, he had actual knowledge of the boundary line from the realtor who sold him the lot as well as from the survey. *Cf. Davis* at 300 (surveys defendant relied upon in making statements concerning ownership of property did not reveal agreed-upon boundary line; therefore, defendant did not act with malice in making statements). Moreover, the evidence was undisputed that the boundary line had been agreed upon for over 30 years, and once a person possesses property for 10 years in a continuous, adverse, notorious and exclusive manner, title vests in that person by operation of law. *Id.*

■ As the party with the burden of proof on the slander of title issue, plaintiffs are appealing from a negative judgment. Therefore, to be successful, they must establish that the judgment is contrary to law. *Toskos v. Swank* (1991), Ind.App., 578 N.E.2d 712, 714. As both parties note, defendant did not testify at trial, and neither of his two witnesses testified as to any statements he made regarding the boundary line. Plaintiffs, on the other hand, presented evidence that defendant threatened to bulldoze their garage, cut holes in their garage with a chainsaw, and keep livestock in their garage. Because this evidence and the evidence of defendant's actual knowledge of the agreed-upon boundary line were without conflict and led to a conclusion opposite that reached by the trial court, the judgment of the trial court is contrary to law and reversed.

Reversed and remanded for determination of damages.

GARRARD and STATON, JJ., concur.